JACOB K. LOCKMAN, Executor, etc., Appellant, *v.* THOMAS J. REILLY, Respondent.

The lien of a mortgage held by executors is effectually barred by the foreclosure, by action, of a prior mortgage, to which said executors are made parties.

The title to a testator's personalty vests in the executors, as such, by operation of law, and although they are also appointed trustees, their title as executors is paramount to that as trustees; in the latter capacity they take only as legatees.

Land bought in by executors on foreclosure of a mortgage belonging to the estate is to be treated as personalty, and to be accounted for as such; and whether the deed is taken in the names of the executors as such or in their individual names, the legal title is in them, and they may sell the same, although no power of sale is contained in the will; the beneficiaries under the will take no direct interest in the property, and while they may require the executors to account therefor, they cannot dispute the title of a purchaser from the executors.

R. at the time of his death owned a second mortgage upon certain premises, which was foreclosed by his executrix, who bid in the property at the foreclosure sale and received a conveyance to herself as executrix. Plaintiff, who held the first mortgage, thereafter foreclosed the same, making the executrix. as such and individually, a party defendant. On the foreclosure sale plaintiff became the purchaser, and received a conveyance; he subsequently contracted to sell to defendant, who refused to complete the sale because certain beneficiaries under the will of R. were not made parties defendant in plaintiff's foreclosure suit. In an action to compel a specific performance of the contract of foreclosure, *held,* that the objection to plaintiff's title was not well founded.

*Nodine* v. *Greenfield* (7 Paige, 544), *Williamson* v. *Field* (2 Sandf. Ch. 563), distinguished.

(Argued January 18, 1884 ; decided February 26, 1884.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 30, 1883, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to compel a specific performance of a contract for a sale by plaintiff and purchase by defendant of certain premises situate in the city of New York. Defendant refused to perform, claiming that plaintiff's title was defective.

The material facts are stated in the opinion.

*Charles Jones* for appellant. At the time plaintiff foreclosed his mortgage, the legal title of the land being in Mrs. Cornish, the executrix, and she being the owner of the equity of redemption, was the only necessary party defendant. (*Clark* v. *Clark*, 8 Paige, 152, 157 ; Dayton on Surrogates, 483 ; Redf. Surrogate Pr. 236 ; *Schoonmaker* v. *Van Wyck*, 21 Barb. 457 ; *Valentine* v. *Belden*, 20 Hun, 537 ; *Cook* v. *Ryan*, 29 id. 249 ; *Graham* v. *Livingston*, 7 id. 11 ; *Long* v. *O'Fallon*, 19 How. [U. S.] 116 ; 1 Williams on Executors, 650, noted.) Under the will of William H. Raynor the executors took the legal title to all the real property, and there was no estate therein vested or contingent in the grand-children of the testator ; a valid express trust was created in the executors, and there was a power and direction to sell, which operated in equity as a conversion of the land into personalty. (*Fisher* v. *Banta*, 66 N. Y. 468 ; *Morse* v. *Morse*, 85 id. 53.)

*Edmund Coffin, Jr.*, for respondent. As the title tendered by the plaintiff to the defendant was a doubtful one, defendant upon difficult questions of construction of certain trusts created by a will, in which persons are interested who are not before the court, a court of equity should not compel specific perform-

ance of the contract to purchase. (*Kelso* v. *Lorillard*, 85 N.
Y. 177, 184; *Argall* v. *Raynor*, 20 id. 267; *Lockman* v.
*Flanagan*, 29 id. 482; *Bernheimer* v. *Willis*, 11 Hun, 16;
*Jordan* v. *Van Epps*, 85 N. Y. 427; *Marlow* v. *Smith*, 2 P.
Wms. 198; *Pyrke* v. *Waddingham*, 10 Hare, 1; 17 Eng. L.
& Eq. 534; *Macdonald* v. *Walker*, 11 id.; *B'klyn Park
Com'rs* v. *Amstrong*, 45 N. Y. 234, 248; *Wilson* v. *Bennett*,
5 Eng. L. & Eq. 45; 13 id. 431; Pomeroy on Specific Per-
formance of Contracts, 278; 1 Crary Special Proceedings, 333;
Code of Civil Procedure, § 1638; *Jordan* v. *Poillon*, 77 N.
Y. 518; *People* v. *Open Bd. of Stock Brokers*, 28 Hun, 274;
92 N. Y. 98.) The rule that a court of equity will not im-
pose a doubtful title upon a purchaser, applies to purchases at
private contract as well as to purchases at judicial sales. (Wil-
lard's Eq. Jurisp. 266, 279, 289, 295; Fry on Contracts,
§ 573; *Richmond* v. *Gray*, Allen, 25, 27; *Nicol* v. *Carr*, 35
Penn. 381; Hilliard on Vendors [2d ed.], 210–212.) Whether
the interest of the grandchildren was a legal or an equitable in-
terest, they were living beneficiaries under the will in the trust
estate created thereby in this equity of redemption, and there-
fore necessary and proper parties to be joined as defendants
with the trustee in the foreclosure action. (*Embury* v. *Shel-
don*, 68 N. Y. 227, 234; *Smith* v. *Scholts*, id. 41; *Stevenson* v.
*Lisley*, 70 id. 512; *Monarque* v. *Monarque*, 80 id. 320; *Shet-
tler* v. *Smith*, 41 id. 328; *Bruner* v. *Meigs*, 64 id. 506; Barb.
on Parties, 502–508; Thomas on Mort. 224; *Williamson* v.
*Field*, 2 Sandf. Ch. 533–563; *Mead* v. *Mitchell*, 17 N. Y.
210–214; *Thomas* v. *Dunning*, 19 Eng. L. & Eq. 316; *Cal-
verley* v. *Phelp*, 6 Maddock, 229; *Valentine* v. *Belden*, 20
Hun, 537; *People* v. *Open Bd. of Stock Brokers*, 28 id.
274; 92 N. Y. 98; *Packer* v. *R. & S. R. R. Co.*, 17 id. 283,
287; Willard's Eq. 47; *Prentice* v. *Jansan*, 79 N. Y. 478; 1
Hilliard on Real Prop. [4th ed.], 658; *Brainard* v. *Cooper*,
10 N. Y. 356, 358; *Eagle L. Ins. Co.* v. *Cammet*, 2 Edw. Ch.
127; *Nodine* v. *Greenfield*, 7 Paige, 544; *Platt* v. *Oliver*, 2
McL. 267, 306, 307.

RAPALLO, J. We are of opinion that the objection taken by the defendant to the title of the plaintiff to the real estate agreed to be conveyed, is not well founded. The property was purchased by the plaintiff at a judicial sale under a judgment for the foreclosure of a mortgage held by him. The fee of the mortgaged premises was at the time of that foreclosure vested in Mrs. Sarah P. Raynor, executrix of William H. Raynor, deceased, subject to the mortgage held by the plaintiff. In foreclosing his mortgage, the plaintiff made Mrs. Raynor a party defendant individually and as executrix, but did not make parties all the beneficiaries under the will of Raynor, and the omission to make some of these beneficiaries parties, is now alleged as a defect in the plaintiff's foreclosure.

The executrix, Mrs. Raynor, obtained title to the premises by purchasing them at a sale under the foreclosure of a second mortgage on the same premises, which was held by Raynor at the time of his death. Raynor then had no title to the property and, consequently, no title thereto was derived by his executrix under his will, and the beneficiaries thereunder took no interest in the property at the time of the testator's death. The only claim Raynor had was his mortgage, which passed as personal property to his executrix.

If the plaintiff had commenced the foreclosure of his prior mortgage while the executrix of Raynor still held this second mortgage, she certainly would have been the only party necessary to be made a defendant for the. purpose of representing the interest of Raynor's estate in the mortgaged premises, and the beneficiaries under the will of Raynor would not have been necessary or proper parties to such foreclosure.

But before the plaintiff commenced his foreclosure the executrix of Raynor foreclosed her second mortgage, and for the protection of her lien, bid in the property at the sale for a sum less than sufficient to pay the amount due on the mortgage and took a deed from the referee to herself, subject to the plaintiff's mortgage, in which deed she was described as executrix of and trustee under the will of William H. Raynor,

deceased. The title, thus acquired, she held at the time of the foreclosure by the plaintiff of his mortgage.

By the will of William H. Raynor he devised his residuary estate, real and personal, to his executrix and executors in trust, to convert the same into money and invest the proceeds and apply the income thereof to the use of his widow and children during their respective lives, in certain proportions specified in the will, with remainders over to their issue in the principal. The widow alone qualified as executrix. As such executrix and individually she was made a party defendant in the plaintiff's foreclosure, and the executors named in the will were also made parties, as well as the *cestuis que trustent*, the children of the testator, who were entitled to the income of the trust estate during their lives, but certain grandchildren of Raynor, then living, who had vested remainders limited upon the interests of their parents, were not made parties, and their omission is the defect alleged by the defendant.

The court at Special Term decided that the objection made by the defendant to the plaintiff's title was not tenable, and rendered judgment in favor of the plaintiff. This judgment was reversed at General Term, the court holding that all the parties interested in the estate of William H. Raynor, deceased, under the trusts created by his will and the remainders limited therein, were necessary parties to the foreclosure.

This decision is placed upon two grounds: First, it is said that the mortgage held by the testator Raynor was a portion of his estate, and included in the directions contained in his will, and that the grandchildren were interested in it in remainder, the same as they were in other portions of the testator's estate, and consequently necessary parties to the foreclosure of the prior mortgage. This position would lead to the conclusion that if the mortgage held by Raynor's executrix had not been foreclosed, but had remained in her hands as part of the testator's personal estate at the time of the foreclosure of plaintiff's prior mortgage, all persons ultimately interested in the estate of Raynor were necessary parties to the foreclosure. This we cannot sustain. The legal title to all the personal

estate of a testator vests by law in his executors, who represent
the interests of all parties concerned, and have full power of
disposition over it, and under the modern law in respect to
mortgages, according to which the mortgagee takes no estate
in the land mortgaged, the lien of a mortgage held by execu-
tors is effectually barred by the foreclosure of a prior mortgage
in an action in equity to which the executors of the second
mortgagee are parties. (Calvert on Parties, 19–20.) The lega-
tees, creditors or other persons interested in the estate of the
deceased, are no more necessary parties to such an action than
they would be to an action brought by the executors of the
deceased party to foreclose the mortgage held by them, and it
cannot matter what dispositions are made by the will, of the
personal or real estate, provided the particular mortgage has
not been specifically bequeathed and delivered over to the
legatee.

But it is said, in the second place, that by the sale of the
land to the executrix under the foreclosure of the second mort-
gage, and the conveyance to her as executrix and trustee under
the will of the testator, the land became subject to all the pro-
visions of the will, and under those provisions estates became
vested directly in the testator's grandchilden, an estate in
remainder being limited to them upon the death of their
parents.

We cannot concur in this view. There is no question about
the general rule that where the equity of redemption has been
sold or devised, and become divided into particular estates and
remainders, the owners of these estates should be parties to an
action to foreclose the mortgage, and that when the equity of
redemption has been vested in trustees for the benefit of others
the *cestuis que trustent*, as well as the trustees, should be par-
ties. (Story's Eq. Plead., § 193.) But the trusts here referred
to are express trusts under which the *cestuis que trustent* ac-
quire equitable estates or interests directly in the land, as land,
and not trusts implied by law, where the whole legal title is in
one person, subject only to a liability to account to others for
the value of the property.

It may happen that an executor or administrator, without authority, invests the funds of the decedent's estate in land; or he may take land in payment of a debt due to the estate which he represents, or may purchase it for the protection of the estate at an execution sale under a judgment belonging to the estate. Under such circumstances the executor or administrator in one sense holds the land in trust for the persons beneficially interested in the estate, and can be compelled to account for it. But if the land is subject in his hands to a prior mortgage, the mortgagee in foreclosing it is not bound to make the devisees or legatees in the case of an executor, or the next of kin in case of an administrator, or the creditors of the deceased in either case, parties to the foreclosure. The legal title to the land is in the executor or administrator, but as between him and the legatees, next of kin and creditors of the deceased party it is personal estate, and he holds it as the legal representative of the deceased.

In all the cases which have been referred to on the part of the respondent those who have been held to be necessary parties have been entitled to some direct estate or interest, legal or equitable, in the land as land. In *Nodine* v. *Greenfield* (7 Paige, 544), the party omitted had a vested estate in remainder in the land. In *Williamson* v. *Field* (2 Sandf. Ch. 563), the land had been devised by the testator in trust for his children and they had direct equitable estates in the land under an express trust. All the other authorities cited apply to cases of that description and there is none which touches a case like the present. Here the land was bid in and purchased by the executrix simply for the purpose of protecting the estate from loss of the mortgage debt or some part thereof. It was not made as a purchase of land in trust for the children or grandchildren under a power contained in the will, for there was no power in the will to invest in land. The land acquired by the executrix did not come under the same rules as if it had been the property of the testator at the time of his death. In that case the executrix would have had no title except such as she acquired under the will as trustee, and those entitled in

remainder after the execution of the trusts created by the will, would have had vested legal estates in remainder in the land, subject to be defeated only by the execution of the power of sale contained in the will. In the present case the effect of the conveyance to the executrix was to make the land in her hands take the place of the mortgage, as personal estate; and she was liable to account for it as such. The conveyance had the same effect as if it had been made to her in her individual name. She had full power of disposition of the property and although she was liable to account for its proceeds to those interested in the estate, and in that sense she held it as trustee, the trust under which she held it was one created by law, and not by the will of the testator. That will never operated directly upon it. It did not belong to the testator when the will took effect, and the beneficiaries under the will never acquired any direct estate or interest whatever, legal or equitable, in the property as land. They only had the right to require the executors to account for it as for any other item of personal estate in her hands as executrix. The entire legal title was vested in her and she represented the equitable interests of those who were thus entitled to call her to account.

That land bought in by executors on a foreclosure of a mortgage belonging to the estate is to be treated as personal property, which the executors may sell, and for which they are accountable as such, has been frequently decided, and it is immaterial whether the deed is taken in the names of the executors as such or in their individual names. (*Clark* v. *Clark*, 8 Paige, 152; *Schoonmaker* v. *Van Wyck*, 31 Barb. 457; *Valentine* v. *Belden*, 20 Hun, 537; *Cook* v. *Ryan*, 29 id. 249.) In all these cases land thus purchased by an executor or administrator is regarded as a substitute for the mortgage foreclosed and takes its place for all purposes as between the executor or administrator and the parties interested in the estate. It is not treated as land belonging to the testator. His heirs or devisees take no direct interest in it and cannot dispute the title of a purchaser from the executor, though no power of sale be contained in the will. The heirs of an intestate cannot

question the title of a purchaser from his administrator who has purchased land under such circumstances. (*Long* v. *O'Fallon,* 19 How. [U. S.], 116; Williams on Executors, p. 650, note d.)

The fallacy of the argument on the part of the defendant consists in assuming that the property became subject to the trusts and estates created by the will. As to real estate of which the testator died seized, those trusts and limitations took effect directly, but as to the personal estate the case is different. The title to personalty vests in the executors, as such, by operation of law, and their title as executors is paramount to that as trustees. Trustees can take personalty only through the executors. Trustees, even when they are the same persons as the executors, take only as legatees. (*Newcomb* v. *Williams,* 9 Metc. 525.) The interests of the beneficiaries under the will of Raynor never attached directly to the property now in question. They never had any interest in it as land. It was personalty when the testator died, and so far as their rights are concerned it still remained personalty in the hands of the executrix, as executrix, when the plaintiff foreclosed his mortgage. If upon a sale under the plaintiff's mortgage there had been a surplus, the children or grandchildren of Raynor would have had no standing in court at any time, however remote, to claim any part of such surplus. The executors or administrators of Mr. Raynor were the only parties who could intervene for that purpose, and the plaintiff's foreclosure, to which they were parties, by barring their rights clearly protected the purchaser, under that foreclosure, against the claims of all those to whom the executors of Raynor were equitably accountable and whose rights depended upon theirs.

The order of the General Term should be reversed, and the judgment rendered at Special Term should be affirmed, without costs to either party.

All concur.

Order reversed, and judgment affirmed.