CHARLES W. BUTLER AND ANOTHER, RESPONDENTS,
*v.* NATHAN CUSHING, APPELLANT.

*Repair and alteration of a building by the owner — he is liable for all damages thereby*
*caused to his tenants, without proof of negligence — negligence will be presumed from*
*the accident itself, if unexplained.*

The plaintiffs, who occupied a portion of a building owned by the defendant, as
his lessees, brought this action to recover damages sustained by the fall of the
building, which they alleged was caused by the wrongful and negligent act of
the defendant. Upon the trial it appeared that the building had settled, and
that one Abbott, who acted as an agent of the defendant in collecting the rents
and taking charge of the property, employed men to shore up the girders, which
were supported on piers, the floor timbers resting upon the girders so supported
All the stories were shored up, and the masons in the lower story built up the
piers to the proper level. While the men were engaged in removing the timbers
in the story over the cellar the whole building came down. There were five
sections which held up this story, two of which were taken down on Monday,
the remaining three being taken down on Tuesday by the express order of the
agent Abbott.

*Held,* that although the plaintiffs had the right to repair, and even to raise the floors,
if he thereby forcibly dispossessed the plaintiffs and destroyed their property, he
would not be excused even if he could not be shown to have been guilty of any
negligent act in doing the work.

That the plaintiffs' rights could not be invaded, even if the landlord did his best to
prevent accident, as he took the risk of accidents upon himself.

That if the action rested solely upon the proof of neglect, the case fell under that
class of cases, in which the accident itself is a proof of neglect, if unexplained.

That the damages which resulted from a fire, kindled by the fires in the building
displaced by the fall, were properly chargeable to the defendant, as they were the
direct results of the act done.

APPEAL from a judgment in favor of the plaintiffs entered on the
verdict of a jury rendered at the Kings County Circuit, and from
an order denying the defendant's motion for a new trial, made upon
the minutes of the justice before whom the action was tried, on
execptions, and on the ground that the verdict was against the
weight of evidence.

The action was brought to recover as damages caused by the
alleged negligence of the defendant, the loss, by fire, on plaintiffs'
goods, which were burned on May 5, 1885, in a building of which
the defendant was the owner. The contention of the plaintiffs' is
that the fire was caused by the fall of the building. That the fall was

caused by the negligence of one George L. Abbott, in making certain additions and repairs to the foundation piers of the building, and that Abbott in making the repairs was the defendant's agent. The contention of the defense is, that there was, as to the material points of fact, no open question to go to the jury; that the evidence showed beyond any reasonable doubt, that Abbott was not the defendant's agent in making the additions and repairs; that the building was in the occupation of Abbott, and in his possession and control; that Abbott was not negligent; that even if he was negligent, no negligence of his caused the fall; and that even if his negligence caused the fall, the fire that, in fact, resulted could not at the time have been foreseen, by any man of ordinary knowledge and prudence, as the ordinary and natural result of any negligence established by the evidence.

*Albert Stickney* and *Samuel H. Ordway*, for the appellant.

*John E. Parsons* and *George Richards*, for the respondents.

BARNARD, P. J. :

The first question which the evidence presents, is as to the real relations of the defendant to the building, which he is averred to have thrown down by his negligence. The leading facts are few. The defendant's sister holds a mortgage upon it, and this was foreclosed and the property was bought at the referee's sale by the defendant. The owner of the property before the foreclosure was Mrs. S. M. Houghton, and her husband managed the property for her. The property, after the referee's deed to the defendant, was managed by a son of S. M. Houghton, who was allowed $500 a year for his services, and after deducting expenses and his salary the balance was paid to the defendant regularly. The property was insured in the name of the defendant and was assessed to him. Houghton, senior suggested to the defendant to increase the rent earning power of the property, and large additions were made, and then the elder Houghton was put in charge of the same at a salary of $400 a month. Nothing beyond this was ever retained by Houghton. There was an oral understanding that the defendant would reconvey to Houghton, if certain conditions were complied with, which never were performed. This arrangement with the elder Houghton con-

tinued to Houghton's death in 1882. After this, George L. Abbott was put in charge of the property by defendant at $300 per month. He had married the elder Houghton's daughter, and Abbott was in charge at the time of the accident, and made the repairs which caused the same. The defendant testifies that he bought the property to secure the estate of his brother, Hayward Cushing. Under this evidence there is no ground for the claim that the Houghtons had any, even the least, interest in the property or that they, or either of them, were in possession of it, as tenant or otherwise. The sole connection with it was upon a salary for services rendered the owners, and a stated settlement with him for the entire receipts, after deducting expenses and costs of collecting. The defendant in his pleadings claims that he is a trustee for another interest entirely. Under this claim he was the owner and holds the legal title, and could sell it as owner with a liability to account to those who were entitled under the distribution of that estate. (*Lockman* v. *Reilly*, 95 N. Y., 64.)

It follows from this that the defendant is responsible for any omission of proper care in respect to the property which is provable against the agent. If under the defendant's answer an issue could be made that the Houghton family or some of them were in the actual possession under a verbal promise of future sale, the finding of the jury is conclusive upon the question. The remaining question is whether there was any negligence proven. The facts are quite undisputed. The building had settled. Abbot, with a view to remedy this, employed men to shore up the girders, which were supported on piers, and upon the girders so supported, the floor timbers rested. All the stories were shored up. The masons in the lower story built up the piers to the proper level. While the men were engaged in removing the timbers in the story over the cellar the whole building came down. There were five sections which held this story, and two were taken down on Monday, and the remaining three on Tuesday. The removal of the sections was made by the express order of the agent Abbott. It is difficult to tell from the evidence precisely what part gave way first. The plan was wholly under Abbott's directions, although different parts of it were performed by those whom he employed. As I view the case it is one for a tort, although the agent had the right to repair, and

even to raise the floors. If thereby he forcibly dispossessed the plaintiffs and destroyed their property, he would not be excused if he cannot be proven guilty of any negligent act in doing the work. The plaintiff's rights could not be invaded even if the landlord did his best to prevent accident. He took the risk of accidents upon himself at all hazards.

If the action solely rests upon the proof of neglect, the case falls under that class of cases where the accident itself is proof of neglect, if unexplained. Buildings can be safely raised, and they are commonly so raised. This accident could not have happened except by some mistake or omission, and the cause of it should have been shown by the defendant. (*Seybolt* v. *N. Y., L. E. & W. R. R.*, 95 N. Y., 562.)

If the case depended upon proof of some omission of the agent himself, the evidence sustains the finding. Great weight was put upon newly laid brick work too soon in the opinion of experts. The manner in which the westerly pier of the building was supplemented by a pier on each side of it to support two small girders in place of a rotten part of the old girder, seems to be an extremely objectionable method with so heavy a building. It is useless, in the view of the case taken, to discuss the question of negligence. The liability is absolute, because the landlord invaded the plaintiff's possession and destroyed his property, and must be deemed a wrong-doer. The damages which resulted from the fire, kindled by the fires in the building displaced by the fall, were properly chargeable to the defendant. They directly resulted from the act done. (*Lowery* v. *Manhattan Ry. Co.*, 99 N. Y., 158.)

The judgment should, therefore, be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.