BERGMANN ₄v. LEAVITT et al.

(Supreme Court, Appellate Division, First Department. May 18, 1906.)

1. CREDITORS' SUIT—PROPERTY SUBJECT—STATUTES—CONSTRUCTION.

The words "in trust for a judgment debtor," in Code Civ. Proc. § 1879, prohibiting the maintenance of a judgment creditor's action to reach any property held "in trust for a judgment debtor" where the trust has been created by a person other than the debtor, have reference to trusts in which the debtor's interest is that of a beneficiary, as distinguished from an interest in remainder.

2. SAME.

Personal Property Law, Laws 1897, p. 508, c. 417, § 3, provides that the right of the beneficiary in any other trust in personalty than one to receive the income thereof may be transferred. Code Civ. Proc. §§ 1871, 1873, 1879, authorize a judgment creditor to sue to compel the discovery of property held in trust for the debtor, direct the final judgment to provide for the satisfaction of the debt out of the property held in trust for the debtor, and prohibit the maintenance of a suit to reach property held in trust for the debtor where the trust has been created by a person other than the debtor. A testator gave a specified sum to a trustee in trust to invest, and apply the income for the use of his widow for life, and directed that on her death the capital should be divided among his children. *Held*, that a judgment creditor of a child was entitled to maintain, during the lifetime of the widow, a creditors' suit to reach his interest in the fund.

3. SAME—JURISDICTION OF COURT—COMPLAINT—SUFFICIENCY.

The complaint in a creditors' suit alleged that a testator, who died in New York, and whose will was probated there, gave a specified sum to a trustee to invest, and use the income for his wife for life, and then divide the fund among his children, one of whom was the judgment debtor; that the debtor died in a sister state, where he had resided for seven years, leaving a will which was probated there; that no ancillary letters were issued in New York; and prayed that the judgment be declared a lien against his interest in the fund. *Held* sufficient to give the court jurisdiction.

4. LIMITATION OF ACTIONS—DEMURRER RAISING DEFENSE.

An objection that the court has no jurisdiction because the statute of limitations has run against the cause of action does not present a jurisdictional question, though so worded, but interposes limitations as a defense, and such defense cannot be raised by demurrer to the complaint.

5. CREDITORS' SUIT—PARTIES.

A testator gave a fund to a trustee to invest and use the income for the widow for life, and directed that on her death the fund should be divided between his two children. A judgment creditor of one of the children brought a creditors' suit to reach his interest in the fund. The fund had been set apart in securities under an agreement between the widow and children. It had been increased in value, and was susceptible of division for retention into two parts. *Held*, that the other child was a proper party.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by George A. Bergmann against Frances L. B. Leavitt, individually and as executrix of Samuel G. Ward, Jr., deceased, and others. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed, with costs, on the opinion below, with leave to defendants to withdraw demurrer and answer.

The following is the opinion of Bischoff, J.:

This is a judgment creditors' action to reach the interest of the judgment debtor in the remainder of a trust fund of $50,000, created by a person other than the judgment debtor, and the main ground of the demurrer for insufficiency is that the statute (Code Civ. Proc. § 1879), which prohibits for maintenance of such an action to reach "any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by or the fund so held in trust has proceeded from, a person other than the judgment debtor," applies to an interest in remainder. In my opinion, the words "in trust for a judgment debtor," as used in the statute, have reference only to trusts in which the judgment debtor's interest is that of a beneficiary, as distinguished from an interest in remainder. The history of the rules which apply to creditors' actions to reach trust interests is traced in a note to Tolles v. Wood (16 Abb. N. C. 1, at page 20), and the conclusion is expressed (page 27) "that the principal of a fund, real, personal, or mixed, held in a third person's trust for the benefit of the debtor, cannot be reached in the trustee's hands unless his interest in the principal is alienable by him, and then it is that interest, not necessarily the fund itself, that is to be reached." From the authorities collated the soundness of this conclusion is apparent, and the meaning of the words "in trust for a judgment debtor" (Code, § 1879) is found to be restricted to the interest of a beneficiary of income, inalienable under the Personal Property Law, Laws 1897, p. 508, c. 417, § 3, and likewise inalienable before that enactment, through judicial extension of the statutes relating to trusts of realty. Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236. No limitation has been placed by the statute upon the right to alienate expectant estates in personalty—a right which always existed at common law (Lawrence v. Bayard, 7 Paige, 70)—and it is contrary to the policy of the law to exclude a judgment creditor from the benefit of any property interest which the debtor could dispose of by assignment (Hallett v. Thompson, 5 Paige, 583, 586). My conclusion is that this interest is not "property held in trust for a judgment debtor" (Code, § 1879), and that the action is maintainable (Code, §§ 1871, 1873). The interest of the judgment debtor in this fund had vested in interest at the time of his death, which occurred in the state of New Jersey, and unless the court should take jurisdiction, and permit the action to be maintained against the foreign executrix (a defendant), the plaintiff would be without remedy. The facts alleged in the complaint disclose grounds of urgency quite sufficient to bring the case within the rule stated in Montgomery v. Boyd, 78 App. Div. 64, 79 N. Y. Supp. 879, and the pleading is therefore proof against a demurrer upon the jurisdictional ground suggested. It is claimed, also, that the court has no jurisdiction because the 10-year limitation has run, but the statement of the point as a jurisdictional question does not alter its actual character, which is simply that a defense of a statute of limitations is disclosed by the averments of the complaint, and such a question cannot be raised by demurrer. Zebley v. Farmers' Loan & Trust Co., 139 N. Y. 461, 468, 34 N. E. 1067. The defendant Marion Low, upon her separate demurrer to the sufficiency of the complaint, contends that she is not a proper party, in that her equal undivided interest in remainder in this fund of $50,000 cannot be affected by this litigation. It is alleged in the complaint that the fund of $50,000 was set apart in certain securities by agreement between the beneficiary, and the two remaindermen, the judgment debtor, and the defendant Marion Low; that the fund has increased in value as invested, and is susceptible of division for retention into two parts; and it is prayed that the persons holding the fund be directed to divide it, with the accretions, into two parts, and that

the interest of the judgment debtor be sold. Since the fund has been kept in a certain form by agreement, to which the defendant Low was a party, and since there are accretions which should be measured and apportioned in order that the judgment debtor's interest may be absolutely determined for a sale, it would appear that this defendant was properly joined. She has an interest in the subject of the action, which subject is not merely the judgment debtor's interest in the fund of $50,000, but his further interest in unadjusted accretions to that fund—a matter which should be presently determined as between his executrix and the other party in interest, this particular demurrant. The demurrers are therefore overruled, with costs of one demurrer, with leave to defendants to plead over on payment of costs within 20 days.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Merle I. St. John, for appellants.
John M. Harrington, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below, with leave to defendants to withdraw demurrer, and to answer on payment of costs in this court and in the court below.

INGRAHAM and McLAUGHLIN, JJ., dissent.

INGRAHAM, J. (dissenting). This is a creditors' action to enforce a judgment recovered by the plaintiff against Samuel G. Ward, Jr. The complaint alleges that on the 4th day of May, 1887, George Cabot Ward died at the city of New York, leaving, him surviving, his widow, Frances Ward, and his only children, the defendant Marion Low and the judgment debtor, Samuel G. Ward, Jr., now deceased, and leaving a last will and testament, which was duly admitted to probate in the county of New York; that by this last will and testament he left to his executors as trustees the sum of $50,000 in trust, to invest the same, and to collect and apply the net rents, issues, and income thereof to the use of his wife during her natural life, and upon and after her death he gave and bequeathed the capital of the said fund to such of his children as should survive him, and to the issue of any one who should die before him leaving issue surviving; that the trustees set apart various securities described as constituting this trust, which securities are now held by the defendants Lord and Van Duzer as substituted trustees under the said will of George Cabot Ward; that the plaintiff recovered a judgment in the Supreme Court of this state against Samuel G. Ward, Jr., on the 27th day of October, 1894, for the sum of $4,355.06; that execution was issued on said judgment on the 27th day of October, 1894, which was returned wholly unsatisfied on the 3d day of December, 1894; that Frances M. Ward, the widow of the testator, is still living; that on the 16th day of November, 1900, the judgment debtor, Samuel G. Ward, Jr., died in the state of New Jersey, where he was then a resident, leaving a last will and testament, which was duly admitted to probate in the state of New Jersey, and letters testamentary were issued thereon to his widow, Frances L. B. Ward, who thereupon duly qualified as such executrix, and ever since has been, and still is, acting as sole executrix of the said last will and testament of said Samuel G. Ward, deceased, in New Jersey; that no ancillary letters

testamentary or letters of administration on the estate of said judgment debtor have been issued in the state of New York; that by his last will and testament the said Samuel G. Ward, Jr., the judgment debtor, gave, devised, and bequeathed all his property, both real and personal, to the defendant Frances L. B. Leavitt; that at the time of his death, as well as for more than seven years prior thereto, the said judgment debtor, Samuel G. Ward, Jr., was a resident of the state of New Jersey.

The complaint demands judgment that the judgment obtained against Samuel G. Ward, Jr., be adjudged to be a first lien upon the interest of the defendant Frances L. B. Leavitt, formerly Frances L. B. Ward, individually and as executrix of the last will and testament of Samuel G. Ward, Jr., in the said legacy of $50,000; that the defendants Franklin B. Lord and Henry S. Van Duzer, as substituted trustees under the last will and testament of George Cabot Ward, deceased, be directed to come into this court and make discovery concerning the nature and value of the securities in which said legacy of $50,000 is held and set apart into two equal parts (securities and funds) in which said legacy and the accretions of the capital thereof are held; that the interest in the said legacy of $50,000 and the accretions of the capital thereof of the defendant Frances L. B. Leavitt, formerly Frances L. B. Ward, individually and as executrix of the last will and testament of Samuel G. Ward, Jr., deceased, be sold to the highest bidder at public auction upon such notice, and by or under the direction of a receiver, or of such other appointee of this court as the court should deem proper, and that such receiver or other appointee of this court be directed to convey to the purchaser thereof a full and complete title thereto, and to pay to the plaintiff or his attorney the net proceeds received therefor, less his reasonable fees and necessary disbursements, to the satisfaction of, or on account of, the plaintiff's aforesaid judgment, the interest thereon, and the costs and expenses of this action; and that the defendants Franklin B. Lord and Henry S. Van Duzer and their successors be ordered and directed, upon the death of the said Frances M. Ward, to pay over and deliver to the purchaser of the aforesaid interest in said legacy and the accretions thereof of the defendant Frances L. B. Leavitt the securities and funds in which such interest may be held at the time of the death of said Frances M. Ward, and for other and further relief. To this complaint the defendants Leavitt and Low demurred, upon the ground that the court had not jurisdiction of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled at the Special Term, and the defendants appeal.

Judgment creditors' actions were regulated by the Revised Statutes. 2 Rev. St. (1st Ed.) p. 173, pt. 3, c. 1, tit. 2, §§ 38, 39. These provisions were re-enacted in sections 1871, 1873, and 1879 of the Code of Civil Procedure.

Section 1871 provides that:

"Where an execution against the property of a judgment debtor, issued out of a court of record, as prescribed in the next section, has been returned wholly or partly unsatisfied, the judgment creditor may maintain an action against the judgment debtor and any other person to compel the discovery of anything in action, or other property belonging to the judgment debtor,

and of any money, thing in action, or other property due to him, or held in trust for him; to prevent the transfer thereof, or the payment or delivery thereof to him, or to any other person; and to procure satisfaction of the plaintiff's demand, as prescribed in section 1873."

### Section 1873 provides that:

"The final judgment in the action must direct and provide for the satisfaction of the sum due to the plaintiff, out of any money, thing in action, or other personal property, belonging to, or due to the judgment debtor, or held in trust for him, which is discovered in the action, whether the same might or might not have been originally taken, by virtue of an execution.

### Section 1879 provides that:

"This article does not apply to a case where the judgment debtor is a corporation, created by or under the laws of the state. Nor does it authorize the discovery or seizure of, or other interference with, * . * * any money, thing in action, or other property held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor."

### Section 3 of the personal property law (chapter 417, p. 508, Laws 1897) provides that:

"The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise; but the right and interest of the beneficiary of any other trust in personal property may be transferred."

The trust created by this will was clearly a trust to receive the income of personal property, and the judgment debtor was a beneficiary, who could enforce the performance of that trust in equity. He was not entitled to receive the rents and profits during the continuance of the trust, but was entitled to receive the remainder upon the termination of the trust. It is clear that the relation of trustee and cestui que trust existed. I assume it would not be claimed that upon the death of the life beneficiary (the testator's widow) either of his children, to whom he bequeathed the trust fund upon the death of his wife, could have maintained an action at law to recover from the trustee the corpus of the trust fund. It must be conceded that this judgment debtor did not have at the time of his death, nor have his personal representatives or legatee now, a right to call these trustees to account for the trust funds in their possession. By the provisions of section 1879 of the Code, the provision which authorized a judgment creditor to bring such an action did not apply, and it was therefore the intention to restrict the right to file a bill in equity by a judgment creditor to require a trustee to account for property held in trust for a judgment debtor to a case where the trust was created by the judgment debtor.

The respondent, however, bases his right to maintain this action upon the proposition that while the trustees have in their possession the $50,000 fund, they hold it in trust, not for the judgment debtor, but for the life tenant only, and that on the death of the life beneficiary the trustees will become mere stakeholders, and will not then hold the fund in trust. It is a familiar principle that personal property bequeathed to a trustee in trust vests in the trustee the property subject

to the trust, and that the interest of a beneficiary in such property is to call the trustee to account in equity.

In Schenck v. Barnes, 156 N. Y. 316, 50 N. E. 967, 41 L. R. A. 395, both in the prevailing and the dissenting opinion it was recognized that a trust created in favor of a judgment debtor could not be reached in equity for the payment of a debt. This Judge Bartlett says:

"A trust created by a debtor, and under which he is the beneficiary, is not affected by the provision of the Revised Statutes (1 Rev. St. [1st Ed.] p. 730, pt. 2, c. 1, tit. 2, § 63) which prohibits a person beneficially interested in a trust for the receipt of the rents and profits of lands from assigning or disposing of the same. The policy of this statute is clear when applied to trusts created by third parties, but is without force when the debtor creates the trust."

Judge Gray, concurring, says:

"The statutory provision relied upon, affording a general protection to all beneficiaries, irrespective of the manner of the creation of the trust, does not, when fairly read, imply a trust founded by the beneficiary himself. That 'no person beneficially interested in a trust for the receipt of rents and profits of land can assign or in any manner dispose of such interest,' not only imports, by the language, that the founder of the trust and the beneficiary are two different persons, but such is the meaning required by the policy of the law. * * * The principle which underlay the statutory provision, making the interest of the beneficiary in a trust created by another inalienable, was that of affording protection to a provision which, in theory of law, had been made for the helpless, the unfortunate, or the improvident. That is a just principle, and one which the policy of the law sanctions. The creditor cannot complain if he is unable to reach the estate of his debtor under a trust created in the property of a third person."

This principle is clearly expressed by Judge Cullen, delivering the opinion of this court in the Second Department, in Rhodes v. Caswell, 41 App. Div. 229, 58 N. Y. Supp. 470, in which he says:

"The rule in cases of personalty and in those of realty is not the same. If, however, the subject-matter of the gift to trustees is personal estate, the whole legal interest will vest in them without words of limitation. They may generally dispose of personal estate absolutely, being compelled to account for it. Perry, Trusts, 318. * * * In trusts of this character we think it must be considered that the whole title to the trust fund is in the trustee, and that all the remaindermen have is the right to account."

In Lockman v. Reilly, 95 N. Y. 64, this principle was applied as relating to real estate acquired by an executrix upon the foreclosure of a mortgage belonging to the estate, and Judge Rapallo there said:

"In the present case the effect of the conveyance to the executrix was to make the land in her hands take the place of the mortgage as personal estate, and she was liable to account for it as such. * * * It did not belong to the testator when the will took effect, and the beneficiaries under the will never acquired any direct estate or interest whatever, legal or equitable, in the property as land. They only had the right to require the executors to account for it as for any other items of personal estate in her hands as executrix. The entire legal title was vested in her, and she represented the equitable interests of those who were thus entitled to call her to account."

The whole title to this property, therefore, vested in the trustees, and the interest of the beneficiaries, whether for life or in remainder, being to compel the trustees to account in equity, the plaintiff, by virtue of

99 N.Y.S.—48

its judgment against one of those interested in the estate, became entitled to the same rights to be enforced in a judgment creditor's action as his judgment debtor had when the action was commenced. As a judgment creditor, he could not maintain this action to reach property held in trust for the judgment debtor, for that the statute which authorized a judgment creditors' action expressly forbids. The judgment debtor had no right to call upon the trustee to account, for his interest in the trust property was future only, and, under the express provisions of the instrument creating the trust, the judgment debtor was entitled to no interest in the trust property until the death of the testator's widow. Upon the death of the testator's widow, this judgment debtor would then have a right to call upon the trustee to account for the trust funds, in which he would be entitled to a moiety; and, assuming that when that right accrues it could not be enforced by a judgment creditor, as the right does not now exist, the court has no jurisdiction at the request of a creditor to do what the debtor could not do.

Whether or not a judgment creditor could sell under an execution any right of his judgment debtor in personal property held in trust for him, and by such a sale acquire a right to enforce the trust when that right vested in the judgment debtor, it is not necessary to decide. The plaintiff here appeals to a court of equity to reach assets of the estate of his judgment debtor equitable in their nature, and which he cannot reach by execution. The question is whether, under the facts alleged, such an action can be maintained. No obstacle has been created by the judgment debtor which prevents a creditor from reaching his property, which the aid of a court of equity is invoked to set aside; but, upon the facts showing that at some future time the judgment debtor will have a right to call a trustee to account for property in his hands to which the judgment debtor will then be entitled, no cause of action is alleged which justifies the present interference of the court. If this property were real estate, and not personalty, a remainder would vest in the judgment debtor which the creditor could sell under execution. It would not, I think, be claimed that in such a case a court of equity would assume jurisdiction to sell such a vested remainder; and, assuming that the position of the plaintiff is correct, that his judgment debtor had such a vested remainder, which was subject to the payment of the judgment, the remedy of the creditor would be to proceed under his execution to sell the debtor's property, or, in supplemental proceedings, to acquire title to the judgment debtor's interest in this fund. There is nothing that makes application to a court of equity necessary. If, on the other hand, the title to the whole trust property vests in the trustee, the judgment debtor's interest therein is to compel the trustee to account when he has a right to a portion of the trust funds. As the time has not arrived when the debtor could enforce the trust, the right of a creditor to apply to a court of equity to enforce the trust must be postponed until the debtor has such a right. Upon no aspect of the case, therefore, as I view it, will a court of equity now assume jurisdiction.

It follows, therefore, that the complaint alleges no cause of action, and that the judgment appealed from must be reversed, with costs,

and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint upon payment of costs in this court and in the court below.

McLAUGHLIN, J., concurs.