In the Matter of the Estate of WILLIAM RHODES DAVIS, Deceased.

Surrogate's Court, Westchester County, January 23, 1942.

*Kauffman, Tuttle & McCarthy*, for the petitioner.

*Ralph A. McClelland*, special guardian.

MILLARD, S. This decedent died a resident of Westchester county on August 1, 1941, leaving a last will and testament which was duly admitted to probate in this court on September 15, 1941, and on the same date letters testamentary were issued to petitioner, James Lee Kauffman, the Old Colony Trust Company also named in the will having renounced.

It appears that one of the principal and most substantial assets of the estate is 500 shares of $100 par value stock, constituting all of the issued and outstanding stock of W. R. Davis, Incorporated. This corporation was organized by decedent under the laws of the State of Nevada and owned, at the date of his death, gas and oil leases located in the States of Texas, Mississippi, Louisiana and Alabama and in addition thereto the fee to certain real property located in some of the aforementioned States. The corporation also has interests in a terminal and storage plant and owns shares of stock in pipe line corporations located in the State of Texas. In

order to pay debts, administration expenses and legacies, petitioner represents that it is necessary to liquidate decedent's interest in the corporation and proposes to do so by dissolving the corporation and distributing its assets to the stockholders.

According to the authorities cited by counsel for petitioner, it seems well settled that under the laws of the various States in which the corporation cwns property, as aforementioned, the oil and gas leases are deemed real property. There being no provision in the will conferring upon the executor the power to sell real property, the problem confronting the executor is, therefore, whether as a result of such dissolution the assets coming into his hands will retain their status as real property under the laws of the various States involved or be considered personal property for administration purposes. If such assets are to be deemed personal property ample authority to sell the same is conferred upon the executor by section 214 of the Surrogate's Court Act. Counsel for petitioner has failed to call my attention to any reported case in point. It is well established, however, in this State that " * * * land bought in by executors on a foreclosure of a mortgage belonging to the estate is to be treated as personal property, which the executors may sell." (*Lockman* v. *Reilly,* 95 N. Y. 64, 71. See, also, *Haberman* v. *Baker,* 128 id. 253; *Matter of McManus,* 282 id. 420.) This principle is well summarized in 3 Warren's Heaton on Surrogates' Courts ([6th ed.] § 254): " Where the representative does purchase real property at such a foreclosure for the benefit of the estate, it remains in his hands personal property. *Haberman* v. *Baker, supra.* The reason for this is obvious. The estate asset which he took into his possession in the beginning was a mortgage. This was obviously personalty. The property purchased at the sale on foreclosure of that mortgage, therefore, retains the same character as the original asset. It is taken over by the representative only for the purpose of protecting that asset. Because of this, also, it follows that the representative may sell the property without resorting to a court proceeding. As personalty, it comes within the class of property that can be sold by the representative without a court order."

In the absence of any authority to the contrary it seems to me that there is sufficient similarity between a mortgage investment and ownership of stock to hold that the principle enunciated by the Court of Appeals in the aforementioned cases is controlling in the case at bar. Certainly, as between the executor and the legatees named in the will the nature of the assets would not be altered by the proposed dissolution. I am of the opinion and hold that upon the dissolution of W. R. Davis, Incorporated, the assets of said

corporation coming into the hands of the executor as the result thereof will be treated as personalty irrespective of their prior status as assets of the corporation. It follows, therefore, that, pursuant to the provisions of section 214 of the Surrogate's Court Act, the executor may, in his discretion, sell such assets without resorting to any court procedure to obtain special authority to do so.

Settle order accordingly.