Mr. Justice. CAMPBELL
 

 deliyered the Opinion of the court. -
 

 - .The appellants, a part of the heirs of Gabriel Long, deceased, instituted this suit in .the Circuit Court against the defendant, to obtain a decree ■ for a title tb, and for an account for the rents and profits of, a parcel of land in St. Louis, Missouri.
 

 The case made in the record is, that in 1820, Alexander McNair and wife executed a mortgage deed for the land in controversy to Gabriel' Long, to secure a debt nót then.due. Before its payment, Long died, and Alexander McAllister was appointed to administer his estate. Ip 1823, this administrator obtained a decree in the Circuit Court of St. Louis county, for a foreclosure of the mortgage, and an order of sale, to be executed after a limited period. This order, was executed in August, 1824, by a public sale of the property to McAllister, for;a small portion of the debt.
 

 *. The title of McNair before this" sale had entirely failed. The Spanish concession and survey, .'under which he claimed the land, had been surveyed and located by the officers of the land office so as to exclude this parcel, and, in consequence, it was subdivided into five fractional sections* and was subject to sale
 
 ad
 
 public' land. At the date of the sale by the sheriff, two of these fractions, embracing the whole tract except nine acres, were claimed by Catherine Bodge, under a patent from the United States,, and the remaining sections were patented to McAllister, as a purchaser, by entry at the land office in 1828.
 

 Hi September, 1822* Catherine Dodge and McNair agreed to secure the debt due to the estate of Long, by a mortgage in favor of McAllister.,
 

 /The debt was divided into three unequal instalments, which were to be paid within three years by McNair; and Mrs. Dodge cpnveyed her two fractional sections, in mortgage, with a power of 'sale in, the event of á default, to secure, the performance of the obligation.
 

 McNair failed to make the payments, and in 1828 Mrs. Dodge released Jo ’ McAllister her equity of redemption and her claim upon him for. any surplus from tíie mortgage, for the consideration of one dollar.. . .
 

 Hi 1828, the defendant purchased.the five fractional sections
 
 *125
 
 from Me Alii star, for a fair price, and lias "been in the undisputed possession’of the land, since 1880; The defendant pleads the statute of. limitations in bar of the reeovejy;
 

 The opinion of the court is; that the conveyances of Mrs. Dodge to McAllister did not invest the heirs of Gabriel Long with an equitable estate, or a particular lien on the property described in .them. Their primary object was to create a security, pi? a fund, for the payment of the debt of MeiTair, and to •enable McAllister to dispose of the land in case of its nonpayment, at' his discretion, for its discharge. ' The release executed in 1828 was not made to extinguish any -portion Pf the debt, nor. did it remove the obligation of McAllister to convert the security into pecuniary assets. His sale of the land was , a legitimate . exercise of the powers of an administrator and trustee, and his vendee was not obliged to look to the application of the purchase-money. (Tyrrell
 
 v.
 
 Morris, Dev. and Batt. Ch. R., 559.) His failure to account was a-devastavit, for which he and pis sureties, are liable on their official bond at law; and'probably, if the-land had been, retained by him, or any person’^claiming ns a volunteer under him, a court of equity might have permitted the heirs to accept the propérty, instead of the .debt due to the estate. But, in the present instance, the defendant is a -purchaser in good faith, and is epti- . tied to hold’the property, exempt from the claims of the plain-tiffs. (Rayner
 
 v.
 
 Pearsall, 3 John. Ch. R., 578.)
 

 Hor can. the title.of the defendant td the three-small fractional sections entered by McAllister at the land office, and which were purchased from him by the defendant after his pritenti from'the United States had been issued, be successfully questioned, by the'plaintiffs. The éstate conveyed to-Long by Mcifair, in-mortgage, was known to be without value in'1824. 'McAllister did not acquire by the sheriff’s deed any interest in .the land,-of'profit from, his purchase. The land was then a part of the public domain, arid subject to entry at the land office, under the laws of the United States.. Without considering whether there was any relation between this administrator .and these heirs,-which precluded- the former to purchase, the ..'land for his own account, under the -principles of equity, we are: satisfied that the . heirs .are not entitled to pursue their -claim against a purchaser for value, who.has not been guilty. ■ of fraud, or collusion.-
 

 ■The;facts necessary to sustain the plea of the statute of limitations aré proved on the part of the defendant, and no charge in the bill ■ discloses a case of exception, from its operation. (Piatt v. Vattier and others, 9 Pet., 405.)
 

 Décreé of the Circuit Court affirmed.