Schoonmaker *v.* Van Wyck.

[DUTCHESS GENERAL TERM, May 14, 1860. *Lott, Emott* and *Brown,* Justices.]

SCHOONMAKER, ex'r of Van Wyck, *vs.* VAN WYCK, ex'r, &c.

The real and personal estate of a testatrix were, by her will, directed to be converted into money by her executors, and after the payment of debts, &c., the proceeds were disposed of as follows : One third part was given to E. S.; one third part to M. S., the executor, in trust for S. V. S. and her children ; and the remaining third part was directed to be put at interest on bond and mortgage, or otherwise securely invested, during the lifetime of J. J. V., and the net annual income thereof paid over to him during his life, with remainder over, of three-fourths thereof, to her nephews, F., J. and S., and of one-fourth part thereof to her surviving executor, in trust for J. V. W. The inventory of the personal estate made April 10, 1845, included a mortgage, given by one W. on certain lots at Harlem, on which there was due the sum of $1612.31. This mortgage the executors proceeded to foreclose, and bid the same in for the sum of $750, at the master's sale, and took a deed therefor, April 18, 1846. In April, 1859, the executors sold the lots, and realized from the sale $8451, over and above all expenses, &c.

*Held,* 1. That the sale of the property to the executors, under the decree in the foreclosure suit, effected no change in the nature of the property, so far as the executors, distributees and *cestuis que trust* were concerned ; and that although the title was absolute in the executors, they held it precisely as they held the mortgage security.

2. That the sum of $8451, realized by the executors from the sale of the mortgaged premises, was, after deducting the executors' commissions, to be applied as follows : 1st. To replace the sum of $1612.31 which the Harlem lots owed to the principal of the estate, one third part of which was the property of E. S.; one third part to remain with M. S. as trustee for S. V. S. and her children ; and the remaining one third was to be invested at interest for the use of J. J. V. during life, with remainder over, &c. 2d. That from the proceeds of the sale there should next be taken the interest upon the sum of $1612.31 from April 10, 1845, and one third part thereof paid to E. S.; one third part to M. S. trustee for S. V. S. and her children; and the remaining third part paid to J. J. V. for his own use, and in satisfaction of

his interest in the income of the fund. 3d. That whatever should remain, after these deductions and payments, and after paying the costs, was to be regarded as a part of the principal of the estate, and should be appropriated in the same manner as before directed in respect to the principal sum of $1612.31.

CASE submitted for the opinion of the court, as to the disposition to be made of a fund realized by executors from the sale of real estate. The rights of the several parties claiming an interest in the fund depended upon the construction of the will of the late Elizabeth Van Wyck, deceased.

*M. Schoonmaker*, in person.

*Joseph I. Jackson*, for Sidney and I. I. Van Wyck.

*Henry Angevine*, for Isaac I. Van Wyck.

*By the Court*, BROWN, J.    The real and personal estate of the testatrix Elizabeth Van Wyck were to be converted into money by her executors, and after the payment of debts, funeral expenses and expenses of administration, the proceeds are by the will disposed of as follows : One third part thereof is given to Elizabeth, wife of the plaintiff Marius Schoonmaker.    One third part is given to the executor, Marius Schoonmaker, in trust for Sarah D. wife of Cornelius Van Santvoord, and her children.    The remaining third part is directed to be put at interest on bond and mortgage, by her executors, on real estate, or otherwise securely invested, during the lifetime of the defendant Isaac I. Van Wyck, and the net annual income thereof paid over to him annually during his life, when received by her executors, with remainder over of three-fourths thereof to her nephews Frederick E. Westbrook, Joseph Jackson Van Wyck, and Sidney Van Wyck ; and of one-fourth part thereof to her surviving executor, in trust for her nephew, Isaac V. W. Westbrook.    There are some other limitations

and directions in regard to these shares, which are not material to the question submitted by the papers.

The inventory of the personal estate was taken on the 10th day of April, 1845, and the estimated value of the Archibald Watt mortgage was $1612.31, that being the amount of the principal and interest. Had this money been collected by the executors within the eighteen months given by the statute for the settlement and distribution of the estate, it would have constituted a portion of the fund to be divided and distributed as principal, and no part of it as income ; that is to say, one third part of it would have been invested at interest by the executors under the third provision of the will, in the order in which I have stated them, and the net annual income paid to Isaac I. Van Wyck annually during his life, as such income was received by the executors. The executors were trustees, and this mortgage, and whatever was realized by them, was trust property, to be applied to the uses of the will. The collection of the money might be procrastinated and postponed to a distant day. This, however, could not change the rights of the *cestuis que trust,* or the obligation of the trustees to devote the proceeds of the chose in action to the uses which the testatrix had indicated by her will. This mortgage, it seems, the executors proceeded to foreclose, but failing to find a purchaser for the mortgaged premises, at their fair value, the executors themselves became the purchasers, and acquired the title of the mortgagor, under the master's deed of the date of the 18th of April, 1846. The premises consisted of fifteen lots of ground at Harlem, in the city of New York, and the price at which they were struck off to the executors at the sale was $750. This sale effected no change in the nature of the property so far as the executors, distributees and *cestuis que trust* were concerned, and the sum at which the property was bid in is of no moment in the present litigation. Although the title was absolute in the trustees, they held it precisely as they held the mortgage security. In April, 1859, the fifteen lots of land were sold by the execu-

Schoonmaker *v.* Van Wyck.

tors and converted into money. There was realized therefrom, after the payment of all expenses for taxes, assessments and expenses of sale, the sum of $8451. This amount is of course subject to the executors' commissions, and is to be applied to the following uses : 1st. To replace the sum of $1612.31 which the fifteen lots of ground owed to the principal of the estate, one third part of which is the property of Mrs. Elizabeth Schoonmaker ; one third is to remain with Marius Schoonmaker, as trustee for Mrs. Sarah Van Santvoord and her children ; and the remaining one third is to be invested at interest for the use of Isaac I. Van Wyck during life, with remainder over, &c. 2d. From the proceeds of the sales of the lots of ground there is next to be taken the interest upon the sum of $1612.31 from the 10th of April, 1845, to the time of entering this judgment, and one third part thereof paid to Mrs. Elizabeth Schoonmaker ; one third part thereof to Marius Schoonmaker, trustee for Mrs. S. Van Santvoord and her children ; and the remaining third part thereof paid over to the defendant, Isaac I. Van Wyck, for his own use and in satisfaction of his interest in the income of the fund. Whatever shall remain of the proceeds of the fifteen lots of ground, after these deductions and payments, and after paying therefrom the costs of this submission, is to be regarded as a part of the principal of the estate, and shall be appropriated in the same manner as is hereinbefore directed for the appropriation and distribution of the principal sum of $1612.31.

Judgment will be entered in conformity with this opinion, and the costs of the parties will be paid out of the fund.

[DUTCHESS GENERAL TERM, May 14, 1860. *Lott, Emott* and *Brown,* Justices.]