YONKERS SAVINGS BANK, Respondent, *v.* WILLIAM H. KINSLEY, Individually, and as Executor and Trustee, etc., of HUDSON KINSLEY, Deceased, Appellant, Impleaded with STEPHEN H. THAYER and Others.

*Real estate converted into personal property — what is required to reconvert the same — land bought by executors on a forclosure sale — action to foreclose a mortgage given by an executor on premises taken by him in settlement of an action of foreclosure — when the plaintiff is entitled to judgment therein.*

When land has once been converted into personalty it requires an election or intention to reconvert to restore it to its original condition.

Land bought in by executors on the foreclosure of a mortgage belonging to the estate is to be treated as personal property, which the executors may sell, and for which they are accountable as such, and it is immaterial whether the deed is taken in the names of the executors as such or in their individual names, and land thus purchased by an executor or administrator is regarded as a substitute for the mortgage foreclosed and takes its place for all purposes as between the executor or administrator and the parties interested in the estate. It is not treated as land belonging to the testator, and his heirs or devisees take no direct interest in it and cannot dispute the title of a purchaser from the executor, though no power of sale be contained in the will, or from an administrator who has purchased the land under such circumstances.

An executor, under the power of sale contained in a will, conveyed certain real estate and took back a bond and mortgage thereon to secure a portion of the purchase price thereof. Subsequently the mortgagor made default and the executor commenced an action to foreclose the bond and mortgage. Such action was settled by the conveyance by the mortgagor to such executor of the mortgaged premises, with other property, the executor taking the deed thereof. in his individual name. Thereafter such executor executed a mortgage on a portion of such premises to secure a loan, the proceeds of which were used to pay taxes on the real estate so conveyed to him. Default having been made on the mortgage executed by such executor, an action was commenced to foreclose the same.

*Held,* that assuming that such executor held the land as real estate subject to a trust, even then equity would sustain the mortgage, as at the time he had no trust funds on hand, and the mortgage was made for the safety and protection of the trust estate ;

That the receipt by such executor of the deed from such mortgagor in payment of the mortgage, was the same in effect as if he had purchased the land at a foreclosure sale, and that having taken title in his own name, he had full power to mortgage, subject to his accounting to the beneficiaries under the will.

APPEAL by the defendant, William H. Kinsley, individually, and as executor and trustee under the last will and testament of Hudson

Kinsley, deceased, from a judgment of foreclosure and sale of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 9th day of December, 1893, upon the decision of the court rendered after a trial at the Westchester Special Term.

*George Zabriskie*, for the appellant.

*Calvin Frost*, for the respondent.

PRATT, J.:

This is an appeal from a judgment of foreclosure and sale entered at Special Term on December 9, 1893.

The facts and circumstances connected with the execution of the mortgage are briefly stated as follows:

The mortgaged premises were formerly a part of the estate of Hudson Kinsley, who died at the city of Yonkers March 26, 1868, leaving a will which was duly admitted to probate by the surrogate of the county of Westchester April 11, 1868, and letters testamentary thereupon were duly issued to Stephen H. Thayer, one of the executors named in the will.

By said will the testator gave all his estate, real and personal, to his executors in trust, to put the whole or the net proceeds thereof into a productive shape, and to invest all moneys not wanted for immediate use in bonds and mortgages of real estate, and in other specified securities, and to dispose of the same as particularly directed in said will, with full power and authority to sell and dispose of any and all of the real estate and to give deeds and conveyances therefor.

Under the power of sale in the will the executor, on the 5th day of November, 1868, conveyed the premises described in the complaint, with other premises, to John T. Waring for $16,000; $6,000 of which was paid in cash, and the balance, $10,000, was secured by a purchase-money mortgage to the executor upon the premises conveyed. Waring made default, and the executor Stephen H. Thayer commenced an action to foreclose the mortgage. That action was settled by the conveyance by Waring to Thayer of the mortgaged premises with other property, the executor Thayer taking the deed in his own name individually.

On the 10th day of December, 1880, the said Stephen H. Thayer mortgaged the premises described in the complaint, being a portion of the premises so reconveyed to him by Waring, to the Yonkers Savings Bank, the plaintiff, to secure a loan of $3,000. It was agreed by the parties that the proceeds of this mortgage should be applied to the payment of taxes upon the premises described in the complaint and the other premises reconveyed by Waring as above stated.

Stephen H. Thayer died on the 15th day of January, 1890; the defendant William H. Kinsley qualified as an executor under the will of Hudson Kinsley, deceased, and the executor, widow and heirs at law of Stephen H. Thayer conveyed to the said William H. Kinsley, as such executor, the premises described in the complaint and the other premises which had been reconveyed by John T. Waring as above stated, the mortgage to the Yonkers Savings Bank being still open.

On the 24th day of October, 1891, the interest on this mortgage being in arrears, this action was commenced.

No question was made upon the trial as to the propriety or validity of the arrangement between Mr. Thayer and Mr. Waring, or as to the *bona fides* of the transaction.

The following stipulation was also produced upon the trial, to wit:

"EXHIBIT A.

"For the purposes of this trial it is admitted and stipulated as follows:

"1. That all the allegations of fact contained in the complaint, excluding conclusions of law, are true as therein set forth, except that the defendants do not concede that anything is due the plaintiff on the mortgage, or that the interests of the defendants accrued subsequently to the lien of the mortgage. It is admitted, however, that the amount unpaid upon the bond set forth in the complaint is the sum of $3,000, with interest thereon from the first day of June, 1889.

"2. That all the allegations of fact contained in the answer of the defendant William H. Kinsley, excluding conclusions of law, are true as therein set forth.

"3. That the defendants do not question the propriety and validity of the arrangement between Mr. Thayer and Mr. Waring, set forth

in the answer, which resulted in the reconveyance to Mr. Thayer therein mentioned.

"4. That the money advanced by the plaintiff upon the bond and mortgage set forth in the complaint was advanced for the purpose of paying taxes upon the mortgaged premises and the other premises mentioned in the answer, and was so applied under the supervision of the mortgagee, as follows:

| | |
|---|---:|
| Redemption from sales for taxes of 1876 and 1877... | $1,633 76 |
| Taxes of 1878 .................................. | 395 25 |
| Taxes of 1879................................... | 419 12 |
| Taxes of 1880................................... | 352 69 |
| Total ......................................... | $2,800 82 |

"The balance of the $3,000 borrowed from the plaintiff was applied by Mr. Thayer towards the payment of the taxes for 1881 upon the same property, and the amount of these taxes, 71%, was assessed against the premises described in the mortgage, and the residue against the other property reconveyed by Waring to Thayer.

"5. That the personal estate of Hudson Kinsley, deceased, in the hands of Mr. Thayer, amounted to $70,000; that there was income therefrom to an amount larger than the amount of said taxes, which income was paid as it accrued to the legatees under the will.

"6. That subsequent to the death of Mr. Thayer his heirs and legal representatives executed and delivered a deed purporting to convey and release the mortgaged premises and the other premises mentioned in the answer to the defendant William H. Kinsley, as executor and trustee under the will of Hudson Kinsley, deceased."

The defendants are met on the threshold of this case by the fact that the loan this mortgage was given to secure was for the benefit of the estate, and in absolute good faith. There is, therefore, no justice or equity in the defense.

Assuming that there was a conversion of the land sold to Waring, there never was any reconversion, as when land has once been converted into personalty it requires an election or intention to reconvert to restore it to its original condition.

There is no question made but that the executor made a valid sale to Waring, and it is clear that the land and mortgage he took as security was personal property and whether he received money or

took land in payment was immaterial; he was only accountable to the estate for his conduct.

This subject has been exhaustively examined by the Court of Appeals in *Lockman* v. *Reilly* (95 N. Y. 64). In that case the court, per RAPALLO, J., says : " It may happen that an executor or administrator, without authority, invests the funds of the decedent's estate in land; or he may take land in payment of a debt due to the estate which he represents, or may purchase it for the protection of the estate at an execution sale under a judgment belonging to the estate. * * * The legal title to the land is in the executor or administrator, but as between him and the legatees, next of kin and creditors of the deceased party, it is personal estate, and he holds it as the legal representative of the deceased. * * * That land bought in by executors on a foreclosure of a mortgage belonging to the estate is to be treated as personal property, which the executors may sell, and for which they are accountable as such, has been frequently decided, and it is immaterial whether the deed is taken in the name of the executors as such or in their individual names. (*Clark* v. *Clark*, 8 Paige, 152; *Schoonmaker* v. *Van Wyck*, 31 Barb. 457; *Valentine* v. *Belden*, 20 Hun, 537; *Cook* v. *Ryan*, 29 id. 249.) In all these cases land thus purchased by an executor or administrator is regarded as a substitute for the mortgage foreclosed, and takes its place for all purposes as between the executor or administrator and the parties interested in the estate. It is not treated as land belonging to the testator. His heirs or devisees take no direct interest in it and cannot dispute the title of a purchaser from the executor, though no power of sale be contained in the will. The heirs of an intestate cannot question the title of a purchaser from his administrator who has purchased land under such circumstances. (*Long* v. *O'Fallon*, 19 How. [U. S.] 116; Williams on Executors, 650, note d.) "

There can be no doubt if the foreclosure of the mortgage from Waring had proceeded to sale, that Thayer could have purchased it in and taken title in his own name subject only to an accounting to the estate. But, even assuming for the sake of argument, that Thayer held the land as real estate subject to a trust, even then equity will sustain the mortgage, as at the time he had no trust funds on hand and the mortgage was made for the safety and pro-

tection of the trust estate. (*New* v. *Nicoll,* 73 N. Y. 127 ; *Payne* v. *Wilson,* 74 id. 348 ; see, also, case of *McLean* v. *Ladd,* 66 Hun, 341, and cases there cited.)

We think that receiving the deed from Waring in payment of the mortgage was the same in effect as if Thayer had purchased it at a foreclosure sale, and that, having taken title in his own name, he had full power to mortgage, subject to his accounting to the beneficiaries under the will.

The judgment should be affirmed, with costs.

BROWN, P. J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.