(45 Misc. Rep. 471.)

### JEWETT v. SCHMIDT et al.

(Supreme Court, Special Term, New York County. December, 1904.)

**1. TRUSTS—PRINCIPAL AND INCOME—SUBSCRIPTION RIGHTS.**

Defendants, as administrators with the will annexed, came into possession of a fund of which one of them was a beneficiary. A new trustee was appointed on the application of the remaindermen, and the administrators ordered to account for such fund and "all accretions thereto." *Held*, that subscription rights in additional stock issued by the corporation represented principal, and not income.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 383; vol. 49, Cent. Dig. Wills, § 1618.]

**2. SAME—CHARGES AGAINST FUND.**

A trust fund is not chargeable with expenses of counsel in procuring letters with the will annexed.

**3. SAME—COSTS ON APPEAL.**

Where no costs are allowed to accounting parties, the charge for printing papers on appeal cannot be allowed against the trust fund.

**4. SAME—INVESTMENTS.**

An administrator with the will annexed, holding a trust fund without authority, cannot justify investments in securities unavailable to trustees under discretion given by the will to the original trustees, such discretion being purely personal.

**5. JUDGMENT—DEATH OF DEFENDANT—ENTRY.**

Where, after an interlocutory judgment, the judgment defendant dies, a motion for judgment against his executrix should be dismissed, and the judgment should be entered as against the original parties under Code Civ. Proc. § 763.

**6. SAME—JURISDICTION TO ENTER.**

A court does not lose jurisdiction of a motion for final judgment because the argument was brought on during the first judicial term of the judge, and a reargument was heard after the commencement of his second term.

**7. SAME—ENTRY NUNC PRO TUNC.**

Where, pending reargument of a motion for judgment, a child has been born, who might have been made a party defendant, the court has power to enter judgment nunc pro tunc as of the date of the motion for judgment.

Action by Elise M. Jewett against Melinda P. Schmidt and others. Motion for judgment on report of referee. Granted.

See 90 N. Y. Supp. 848.

Thomas J. Falls, for plaintiff.
Barclay E. V. McCarty, for accounting defendants.
Walter Carroll Low, for defendant F. L. Schmidt, Jr.

BISCHOFF, J.   The fund in suit, originally in the hands of trustees named in the will of Mr. Pollon, came into possession of the defendant Melinda P. Schmidt (the life beneficiary) and her son, the defendant Bache McEvers Schmidt, upon their appointment as administrators with the will annexed after the trustees, also named as executors, had died.   The plaintiff, interested in the fund by way of remainder, brought this action for the appointment of a trustee to take the fund, asserting, in effect, that these administrators with the will annexed were not entitled to possession as successors of the testamentary trustees; and an interlocutory judgment has been entered, whereby, as modified by order of the Appellate Division, it was adjudged that upon the death of the last surviving trustee the trust fund of $200,000, "together with any and all accretions of said trust fund, vested in the Supreme Court of the state of New York," a new trustee being appointed by the judgment, which also directed the defendants in possession of the fund to account "with regard to the said trust fund and all accretions thereto," and a reference was ordered "to take and state said account."   The matter for determination upon this motion arises upon exceptions to the referee's report filed in behalf of the accounting party, and the correctness of the referee's conclusion in the disallowance of several items of the account is thus presented.

As to the contention that Mrs. Schmidt, as beneficiary, was entitled to the value of subscription rights in additional stock issued upon the basis of shares of the New York, New Haven & Hartford Railroad held as part of the fund, the finding of the referee that the value of these subscription rights was principal, not income, is clearly supported by authority.   Matter of Kernochan, 104 N. Y. 618, 11 N. E. 149; Stewart v. Phelps, 71 App. Div. 91, 75 N. Y. Supp. 576; Id., 173 N. Y. 621, 66 N. E. 1117.   It is urged, however, by this defendant that the question whether property rights of this kind (usually treated as principal) should be thus treated in a particular case, depends upon the intention of the testator, and the contention is made that the apparent intention here was to give the life beneficiary all accretions upon the sum of $200,000 which formed the subject of the trust.   The difficulty with this position is that any such construction of the will would be inconsistent with the interlocutory judgment, the adjudication which controlled over the proceedings before the referee, and which controls upon this application.   The judgment declares that the fund of $200,000 and "all accretions" thereto vested in the Supreme Court upon the death of the trustees.   This means, of course, that the accretions were a part of the corpus of the trust, and to hold that the accretions belonged to the beneficiary would be in direct contradiction of what is conclusively adjudged for the purposes of this case.   The beneficiary is directed to account for the accretions, which, again, is a direction negativing her right to possess them.   The subscription rights have to do with an increase of capital of the corporation, not with a division of earnings in the form of stock (Stewart v. Phelps, supra); hence the case of Lowry v. Farmers' Loan & Trust Co., 172 N. Y.

137, 64 N. E. 796, involving a stock dividend, has no application to the present question. There was therefore no error in the referee's disposal of the items appearing with regard to these subscription rights.

The disallowance of the expenses incurred in obtaining the bond of the administrators with the will annexed, and of disbursements for the services of counsel in the matter of the administration, is assailed, but the conclusion of the referee as to these items must be supported. The mere fact that the accounting parties were rendering an account under direction, both individually and as administrators with the will annexed, does not entitle them to charge disbursements against the trust fund when the items were to be charged, if at all, only against the personal estate coming into their hands as administrators with the will annexed. The fund in suit included no assets of the estate, as distinguished from the corpus of the trust. Therefore the accounting, as administrators, disclosed nothing against which these items might be credited for the purposes of the proceedings in this action. So far as it is suggested that the parties, by acquiescence in the proceedings of these accountants, were estopped from objecting to the expenses of administration, the answer must be that the plaintiff is not chargeable with any ratification, and she is entitled to insist that the trust fund remain as constituted, whatever may be the individual equities of the defendant Melinda P. Schmidt as against the other parties in interest.

The item for printing papers on appeal to the Appellate Division from the interlocutory judgment was properly disallowed, costs of the appeal not having been awarded the accounting parties, and there being no basis for holding that the disbursement was incurred otherwise than in the furtherance of their personal interests.

The referee has disallowed items of interest due upon a mortgage for $16,000 upon the premises No. 254 West 102d street, which mortgage was foreclosed by the accountants, and the property bought in for the estate. No question arises as to the propriety of the original investment, since the referee has approved it, and no exception is taken; but this interest was never actually received, except so far as it represents a part of the value of the premises thus bought in. The claim of the accountants is that the premises are worth more than the principal of the loan, interest, and expenses of sale, but this does not appear to be the test. The interest due from the mortgagor was not "income," for the purposes of payment to the beneficiary, until it was received, and whether it has been received or not cannot be determined without a sale of the premises and the application of the proceeds. If, upon a sale, there is an excess over the amount due the capital account, the interest due on the investment will be income, because so far received (Schoonmaker v. Van Wyck, 31 Barb. 457; Chapl. Exp. Trusts & Powers, § 418); but the items of interest could not properly be advanced from capital upon the theory that the capital account may be made good to this extent by a sale of the premises. These items were properly disal-

lowed, but the judgment may be so framed as to save the accounting parties' rights to the extent of the claim which thus accrues upon the proceeds of a future sale of the premises.

In the case of the interest item involved upon foreclosure of the mortgage upon the premises No. 16 West Sixty-Fourth street there was no basis upon which it could have been allowed. Here the property was not bought in, but the amount realized upon the sale merely sufficed to meet the amount loaned, and, so far as there was a deficiency in the receipt of interest due, the result was 'that the investment had not produced an income, whether or not there may be some product in the future through proceedings to enforce the deficiency judgment.

The remaining question which arises upon this accounting has to do with the investment of funds in a manner not within the authority of trustees. There can be no question that the bonds and stocks set forth in the account as purchased by the accounting parties, and referred to in the twelfth paragraph of the referee's report, were not securities of the class available to trustees for the purposes of investment, and, while the power to make investments of this kind may have been conferred by the testator upon the trustees named in the will, the discretion reposing in them was obviously a personal discretion, which did not follow the possession of the fund by these parties, whether personally or under color of their appointment as administrators with the will annexed. Mott v. Ackerman, 92 N. Y. 553; Chapl. Exp. Trusts & Powers, § 607. The contention that these investments had been ratified by the parties in interest is infirm in that the plaintiff is not connected with the asserted ratification, assuming that, in any event, the parties could alter the terms of the trust by agreement to confer discretionary powers upon the accountants where the powers were not conferred by the will and did not otherwise exist.

It is insisted, however, that the plaintiff, together with the other parties, have taken such a position with regard to these securities that any loss in their market value occurring since the date of the interlocutory judgment must be borne by the estate, rather than by the accountants. It appears that at the time of entry of the interlocutory judgment an order was entered upon the stipulation of all parties to the effect that pending the litigation the new trustee should not have control of the securities constituting the fund, and that the plaintiff's proceedings, pending an appeal, should be stayed except as to the accounting. The defendants claim that the securities in the accountants' hands were to remain in their then form; but, clearly, there was no such result. Nothing in the order thus entered by stipulation prevented the accountants from changing any investment when the retention might subject the estate to a loss, or might enlarge their own personal liability, and the plaintiff's consent to the order involved no request that the unauthorized securities be held for any time at all. If the accountants misconstrued the order, the estate is not to be charged. The situation arises, in the first instance, from their unauthorized acts in mak-

ing the investments, and they cannot properly assert their further mistake to relieve themselves from the consequences.

The motion for judgment, so far as noticed against the executrix of Bache McEvers Schmidt, is dismissed upon the ground that, the death of this party having occurred after the entry of interlocutory judgment, the final judgment is to be entered in the names of the original parties. Code Civ. Proc. § 763.

There is no force in the defendants' contention that the court lost jurisdiction of the motion for final judgment because the argument was brought on during my first judicial term, and a reargument was heard by me after the commencement of my second term. The motion for reargument and the reargument were continuous proceedings in the matter of which the court had jurisdiction, made returnable not before me as a judicial officer, but before the court; and my determination of the reargued motion is a determination by the court, not related to my earlier consideration of the case, since the subjects for determination thus come before a justice of the court upon the reargument de novo. My decision proceeds upon a matter submitted to me, as a member of the court, after the commencement of my present term of office; but the motion for final judgment, or originally noticed, is still before the court, because the court's disposal of the application has awaited the determination of the reargument. This being the condition of affairs, Matter of Mayor, 139 N. Y. 140, 34 N. E. 757, relied upon by the defendants, has no application to the case.

My attention has been called to the fact that since the reargument a child has been born, whose interests are such that its joinder as a party defendant would be proper, and even necessary, in the usual course of the litigation; and it is urged on behalf of the defendants that this party should be brought in, with a resulting rehearing. Any such direction would certainly be prejudicial, in view of the delay and expense which would result to this already extended litigation, and the case is one for the exercise of the court's power to direct the entry of judgment nunc pro tunc as of the date of the motion for judgment. This power "may be employed to overreach any event happening while the case is in the hands of the court, and which would otherwise rob the successful suitor of his judgment" (1 Black, Judg. § 127), and its exercise is proper where prejudice would otherwise result from the delay in the decision of the case (5 Encyc. Pl. & Pr. 951).

The exceptions taken to the report of the referee are overruled, and the motion for final judgment is granted, in the manner indicated by this opinion, with an additional allowance to the plaintiff of $2,000. Provision may also be made, upon the settlement of the judgment, for payment of the expenses of the reference from the fund.

Ordered accordingly.