THERESA STORM et al., Appellants, *v.* SOPHIE MCGROVER et al., Individually and as Administrators of the Estate of CAROLINE PREISS, Deceased, et al., Respondents.

*Storm* v. *McGrover*, 70 App. Div. 33; 114 App. Div. 910, affirmed.
(Argued October 16, 1907; decided October 29, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 26, 1906, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term; also appeal from an order of said Appellate Division, entered March 12, 1902, which reversed an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial in an action brought by the heirs of an incompetent person to have a trust impressed upon certain real property alleged to have been purchased with the money of the incompetent person by his committee who took title in her own name.

*Eugene Cohn, Julius Levy* and *Frank M. Patterson* for appellants.

*Robert H. Barnett* for respondents.

GRAY, J. I think that the reversal by the Appellate Division of the former judgment recovered by the plaintiffs, upon the law, was correct. The decision by the trial court that the committee of the lunatic paid the consideration for the con-

veyance to herself of the land in question out of the moneys belonging to the lunatic was without evidence to support it. This constituted error of law, for which the judgment was properly reversed. The judgment upon this last trial has been unanimously affirmed by the Appellate Division and this court is precluded from reviewing the facts, upon which the court has found that the purchase consideration paid by the wife of the lunatic, who was also his committee, and to whom the conveyance was made, " did not consist wholly and entirely of funds belonging to " her ward. No trust, therefore, resulted in favor of the lunatic ; nor any legal estate which would descend to his heirs at law ; within the authority of *Schierloh* v. *Schierloh*, (148 N. Y. 103), and of *Leary* v. *Corvin*, (181 ib. 222). I find no error justifying a reversal of the determination below and, therefore, the judgment should be affirmed ; but without prejudice, however, to any proceeding by the administratrix of the deceased lunatic to subject the land in question to an equitable lien for whatever moneys of her intestate can be traced into the consideration paid therefor. If, thus, unauthorizedly invested by the committee, the right to compel an account as to them vested in the legal representative of the lunatic. Upon the lunatic's death the interest in the land would go, as personal estate, to his next of kin and not to his heirs ; for the product of the moneys would follow their nature, so long as they could be ascertained. The case of *Awdley* v. *Awdley*, (2 Vernon, 192), is somewhat similar in its facts and it is in point as an authority. (See, also, *Earl of Winchelsea* v. *Norcliffe*, 1 Vernon, 435, and *Lockman* v. *Reilly*, 95 N. Y. 64.) In the case of *Reid* v. *Fitch*, (11 Barb. 399), the plaintiff was the son of the lunatic and, therefore, next of kin, as well as heir at law. The judgment in that case was correct ; but, in so far as the opinion held that on the purchase of the land with the lunatic's moneys, a trust resulted. which descended as a legal estate to the lunatic's heirs at law, we should not follow it.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur,

Judgment affirmed,