### McCARTY v. DOWNES et al.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

1. MORTGAGES (§ 427*)—FORECLOSURE BY ACTION—PARTIES.

Where real estate was devised to testator's children, and upon foreclosure of a second mortgage all were made defendants, and two who were the executors, with power to sell, bought it in as such and later sold it, the others were not proper or necessary parties to the subsequent foreclosure of the first mortgage, as their interest was cut off by the first foreclosure, and the executors in buying the property in represented the estate rather than the devisees.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1269, 1272–1287; Dec. Dig. § 427.*]

2. EXECUTORS AND ADMINISTRATORS (§ 148*)—MANAGEMENT OF ESTATE—REAL PROPERTY.

Executors have no right as such to purchase land, and, if they invest in land, it is considered personalty, which they may sell, and for which they are accountable as such, and therefore executors, with power to sell, who purchased real estate owned by testator at a foreclosure sale, could sell the same so as to pass title free from any claim of the testator's devisees or representatives; the sale being doubly protected by the power of sale.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 595–601; Dec. Dig. § 148.*]

3. EXECUTORS AND ADMINISTRATORS (§ 148*)—MANAGEMENT OF ESTATE—REAL PROPERTY—SALE.

Where executors, with power to sell, purchased testator's realty at foreclosure, if a sale thereof by them to the wife of one was voidable, it was a matter to have been considered upon their accounting, and did not affect the title of those claiming thereunder, particularly after the lapse of more than ten years without any question being raised.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 595–601; Dec. Dig. § 148.*]

4. MORTGAGES (§ 534*)—FORECLOSURE BY ACTION—OPERATION AND EFFECT.

Where the executors, with power to sell, who purchased testator's realty at foreclosure of a second mortgage, to which the devisees were parties defendant, and who later sold it, were subsequently made parties to the foreclosure of the first mortgage along with the purchaser from them, the purchaser at the foreclosure sale under the first mortgage took title free from any claim of the testator's devisees or representatives.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1555; Dec. Dig. § 534.*]

Appeal from Special Term, New York County.

Action by John H. McCarty against Anna M. Downes and another to foreclose a mortgage. From an order requiring the purchaser at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the foreclosure sale, Joseph B. Weed, to complete the purchase, the said purchaser appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Bernard I. Finkelstein, for appellant.

Carroll & McCormack, of New York City (Henry M. Bellinger, Jr., of New York City, of counsel), for respondent.

CLARKE, J. [1] This action was to foreclose a mortgage upon 174 West Seventy-Sixth street. Judgment for foreclosure and sale was duly entered September 23, 1913. The premises were sold by a referee under the usual terms of sale to Joseph B. Weed for $1,350, the highest bid above the amount of the first mortgage of $17,000. On the closing day the purchaser refused to accept the referee's deed and pay the balance due. He refused to give specific reasons for his rejection, except to state that the title was bad and unmarketable and a title company had refused to insure it. Thereafter a motion was made to compel him to take. From the order granting the motion he appeals.

Title to the premises in question vested in Sarah E. Lowther by deed from James B. Fonner and wife, dated May 31, recorded June 6, 1887. Mrs. Lowther executed a mortgage thereon for $19,250 to Mary E. Garrison dated and recorded July 22, 1887, and also a second mortgage thereon for $6,000 to Garret L. Schuyler dated and recorded July 22, 1887, subsequent to the aforesaid. Said $6,000 mortgage was assigned to Walter G. Schuyler by his father, Garret L. Schuyler, on June 12, recorded June 14, 1888. This assignment was to prevent a merger, for by deed dated June 12, recorded June 14, 1888, Mrs. Lowther conveyed to Garret L. Schuyler the said premises subject to the aforesaid first and second mortgages.

On April 20, 1889, Garret L. Schuyler died seised in fee of said premises, leaving a will which was probated May 22, 1889. Said will provided:

"Second. Any residue I give, devise and bequeath to all my children now surviving in equal proportions."

The will conferred upon his executors full power of sale of all his real estate. Nine children survived him. Walter G. and James E. Schuyler, two of his children, were named as executors, and letters testamentary were issued to them June 4, 1889.

Thereafter the second mortgage, for $6,000, was foreclosed by advertisement. All of the nine children were parties defendant, were duly served, and had notice of all proceedings. No question is made as to the regularity of said foreclosure. The premises were purchased on the sale by the executors of Garret L. Schuyler as such executors. The deed to them was recorded April 11, 1896.

By deed dated September 17, 1901, the executors conveyed the said premises to Jennie B. Schuyler, wife of Walter C. Schuyler, one of the executors. This conveyance was made subject to all mortgages and liens and was supported by a consideration of $6,000.

Three days later by deed dated September 20, recorded September 24, 1901, Jennie B. Schuyler conveyed, for a consideration of $11,000, the said premises, and others, to William Schneider subject to all liens and incumbrances of record.

Thereafter the first mortgage in the sum of $19,250, which had continued as a lien on said premises, was foreclosed; the judgment being entered August 6, 1902. William Schneider, Jennie B. Schuyler, and Walter G. and James E. Schuyler individually and as executors of Garret L. Schuyler were made defendants; but the other children of Garret L. Schuyler were not.

At the sale on said foreclosure the referee delivered his deed to Arthur W. Saunders, who on March 3, 1908, conveyed to Anna B. Downes, who executed and delivered a mortgage for $3,000 bearing said date, which thereafter and by mesne assignments was duly assigned to John H. McCarty, the plaintiff herein, by an instrument dated October 22, 1909. This action was brought to foreclose said mortgage.

The appellant claims that the said nine children of Garret L. Schuyler, except Walter G. and James E. Schuyler, were never foreclosed of their right and interest under their father's will in the premises the subject of this action, still have an interest therein superior to any right or title the plaintiff has acquired, and the title tendered by reason thereof is not marketable. He prays therefore to be relieved from paying the balance of the purchase price and that the referee be directed to pay to him $135, his 10 per cent. payment, the auctioneer's fee of $17, and $250 laid out and expended by him for counsel fee and disbursements in examination of title.

[2] Upon Garret L. Schuyler's death, title vested in his nine children as devisees, subject to the two outstanding mortgages. As all of said children were parties to the foreclosure of the second mortgage, they were thereby foreclosed of all their right, title, and interest upon the sale thereunder. Walter G. Schuyler and James E. Schuyler, who purchased as executors, and to whom the deed was made as executors, took as representatives of the estate of Garret L. Schuyler, and not as representatives of his heirs and devisees. They had no right as executors to purchase land, and, if they invested in land, said land was to be considered as personalty, and they were accountable therefor.

In Lockman v. Reilly, 95 N. Y. 64, Judge Rapallo said:

"It may happen that an executor or administrator, without authority, invests the funds of the decedent's estate in land; or he may take land in payment of a debt due to the estate which he represents, or may purchase it for the protection of the estate at an execution sale under a judgment belonging to the estate. Under such circumstances, the executor or administrator in one sense holds the land in trust for the persons beneficially interested in the estate, and can be compelled to account for it. But if the land is subject in his hands to a prior mortgage, the mortgagee in foreclosing it is not bound to make the devisees or legatees in the case of an executor, or the next of kin in case of an administrator, or the creditors of the deceased in either case parties to the foreclosure. The legal title to the land is in the executor or administrator, but, as between him and the legatees, next of kin and creditors of the deceased party, it is personal estate, and he holds it as the legal

representative of the deceased. * * * In the present case the effect of the conveyance to the executrix was to make the land in her hands take the place of the mortgage, as personal estate; and she was liable to account for it as such. * * * That land bought in by executors on a foreclosure of a mortgage belonging to the estate is to be treated as personal property, which the executors may sell, and for which they are accountable as such, has been frequently decided, and it is immaterial whether the deed is taken in the names of the executors as such or in their individual names. Clark v. Clark, 8 Paige, 152 [35 Am. Dec. 676]; Schoomaker v. Van Wyck, 31 Barb. 457; Valentine v. Belden, 20 Hun, 537; Cook v. Ryan, 29 Hun, 249. In all these cases land thus purchased by an executor or administrator is regarded as a substitute for the mortgage foreclosed and takes its place for all purposes as between the executor or administrator and the parties interested in the estate. It is not treated as land belonging to the testator. His heirs or devisees take no direct interest in it and cannot dispute the title of a purchaser from the executor, though no power of sale be contained in the will."

[3] That case differed from the one at bar in that the testator had conveyed the title before his death. But the title which descended to the children in this case was divested by the foreclosure to which they were all parties. Therefore the principle laid down was equally applicable. In addition, the will in the case at bar did contain a power to the executors to sell. The sale therefore by the executors after acquiring title by the foreclosure of the second mortgage is doubly protected. If the sale by the executors to the wife of one of them may be considered as voidable, that was a matter to be considered upon the accounting and did not affect the title. Furthermore having taken place in 1901, more than ten years have since elapsed without question.

[4] Upon the authority of the Lockman Case, supra, the devisees were not proper or necessary parties to the suit on the foreclosure of the first mortgage, and the executors, and the purchaser from them, having been made parties, the title here offered rests upon valid precedent foreclosures, under which no right, title, or interest in the premises remains outstanding in any of the representatives or devisees of Garret L. Schuyler.

Lockman v. Reilly, supra, has been cited, quoted, and followed down to (Storm v. McGrover) 189 N. Y. 569, 82 N. E. 160, and presents the law of the state upon the subject. We think the title tendered marketable.

The order appealed from should be affirmed, with $10 costs and disbursements to the respondent. All concur.