Matter of the Judicial Settlement of the Intermediate Account of EDWARD R. HOYT, as Trustee of the Estate of CHARLES C. HOYT, Deceased.

(Surrogate's Court, New York County, May, 1918.)

Jurisdiction — of surrogate — statutes — accounting — trustees — nonresidents — wills.

A surrogate possesses no jurisdiction not referable to some statute even though it can be construed only by reference to historical enactments carried into it by implication.

Where upon a proceeding brought for the judicial settlement of the accounts of a testamentary trustee it appears that both he and the testator were non-residents and the realty in the trust estate was and is situated outside of the state of New York, and the personalty though physically within has its legal situs outside of this state, the surrogate has no jurisdiction of the proceeding though the will was proved here.

PROCEEDING upon the judicial settlement of the intermediate account of a trustee.

Hendrick & Hendrick (Worden E. Winne, of counsel), for petitioner.

Andrew Colvin, for L. S. Woodruff, general guardian.

Charles M. Bleecker, special guardian.

Fowler, S. This proceeding is brought for the judicial settlement of the petitioning trustee's account. The jurisdiction of the surrogate over the subject matter is challenged *ore tenus* by the special guardian for infant beneficiaries. It appears that testator's will was probated here and letters testamentary issued by this court. But the testator was a non-resident and the trustee was a non-resident when appointed, and has continued to be such since then. The realty in the trust estate was and is situated outside of New York state. The personalty, while physically here, has its legal situs outside of this state, *mobilia sequuunter personam. Matter of Coudert,* 92 Misc. Rep. 111. All the beneficiaries except two are non-residents. The special guardian points to section 2641 of the Code of Civil Procedure and urges that my jurisdiction of this proceeding is defective and that, even if it be found to exist, this is a case where the surrogate should exercise his discretion and decline to entertain this proceeding.

As it must be held that the surrogate has no jurisdiction, it is unnecessary to refer to the instances in which the Supreme Court has left proceedings for the courts of the testator's domicile, when a question of construction has come before it. *United States Trust Co.* v. *Wood,* 146 App. Div. 751; affd., 205 N. Y. 564, and cases cited. Moreover, an accounting only is now before the court. No part of the will is to be construed.

The attempted enlargement and extension of the jurisdiction of the surrogates by the act of 1914 did not convert this court into one of general jurisdiction. It is still a statutory court. The implied powers deriv-

**616** MATTER OF HOYT.

able from the granted jurisdiction may be said to be enlarged, but jurisdiction must still be justified by reference to some statutory enactment. A jurisdiction may be statutory and yet not exclude historical implications. Indeed, some statutes can be construed only by reference to historical enactments carried into the statute by implication. *Matter of Connell,* 75 Misc. Rep. 574, 578; *Matter of Work,* 76 id. 403, 405, overruled on another point; *Matter of Swartz,* 79 id. 288; *Matter of Catlin,* 89 id. 94; *Matter of Davis,* 99 id. 447, 453; *Matter of Kent,* 92 id. 113. But while this is a sound distinction, a surrogate possesses no jurisdiction not referable to some statute.

A careful search of the sections of the Code which relate to the Surrogates' Courts fails to disclose any provision upon which to found the jurisdiction in this case. On the contrary, the section relied upon by the learned special guardian prohibits the exercise of jurisdiction in this case. Section 2641 provides: " The provisions of this chapter apply to a trust created by the will of a resident of the state, or relating to real property, situated within the state, without regard to the residence of the trustee, or the time of the execution of the will." The purpose of that provision seems plain. Trust estates, as contra-distinguished from estates in the hands of executors or administrators, fall under the jurisdiction of the surrogate only if testamentary and embracing realty, or if testamentary but concerning personalty, provided only that they are created by the will of a resident. Testamentary trusts alone are included, and then only if the situs of the trust *corpus* is here when the trust goes into effect.

Section 2510 of the Code, in which are stated the general heads of jurisdiction, must be read with the section quoted *supra.* Section 2514 does not alter the

conclusion reached. That section merely states in effect that jurisdiction once properly obtained in any proceeding lasts throughout the entire administration of the estate. An estate over which jurisdiction has once been invoked and taken can be fully and completely administered. But the management, control and disposition of a testamentary trust is no part of the administration of the estate of one deceased within the meaning of section 2514. In contemplation of law, an estate of one deceased must be finally administered before the administration of the testamentary trust begins. While a trust may be deemed operative before the entire estate left by testator is wound up, still the assets which are part of the trust *corpus* are deemed separated from or segregated and released from the control of the executor as such.

The jurisdiction of a surrogate to probate the will of a non-resident and to settle his estate does not include the taking charge of the testamentary trusts created in his will. When the executors' account is here judicially settled, and the assets distributed or remitted to the domiciliary forum, the jurisdiction of the surrogate is ended. The authority to settle the accounts of an executor of a non-resident springs, of necessity, from the power to control the executor whom it appoints. Subdivision 3 of section 2510 of the Code, in conferring jurisdiction to settle the accounts of executors and trustees, it is true, contains no limitation and states no difference between trustees and executors. But section 2641 limits the language in so far as it relates to trustees. This construction from the clear expression in the statute is fortified by a consideration of the difference between the office of executor and that of trustee. This point has been recently considered by me in *Matter of Ripley*, 101 Misc. Rep. 465. The legal existence of the executor

Surrogate's Court, New York County, May, 1918.   [Vol. 103.

depends upon the surrogate who appointed him. The trustee springs into existence with the will. The former is the court's appointee and officer; the latter is the delegate of the testator. The trustee needs no sanction from the surrogate, but derives his title from the will *per se.* It may therefore safely be held that the Code sections referred to were enacted in order to recognize the difference which has been pointed out.

No point is urged that the earlier decree entered upon the petition of the accountant in this proceeding, or his submitting to this court's authority in this proceeding, is an answer to the plea interposed. Such a position would be of no avail. Jurisdiction of the subject matter can never be found in acquiescence or consent. *Matter of Heinze,* 179 App. Div. 453. There seems to be little authority upon the precise point now here, and I find none supporting my jurisdiction. The motion must be sustained and the proceeding dismissed.

Proceeding dismissed.