PEOPLE ex rel. MABEL L. SAFFORD, etc., Relator, *v.* EDWARD A. WASHBURN, Surrogate, etc., et al., Defendants.

(Supreme Court, Erie Special Term, December, 1918.)

Jurisdiction — of surrogate to settle accounts of trustees — trusts — wills — nonresidents.

Where at the time a testamentary trust went into effect, the trustees, the legal situs of the trust fund, and the fund itself were all within a county of this state, the surrogate of that county has jurisdiction to settle the accounts of the trustees notwithstanding that the trust was created by the will of a nonresident decedent and no real property within this state is involved.

APPLICATION by the plaintiff for an alternative writ of prohibition restraining the defendants from judicially settling accounts of testamentary trustees, etc.

E. Jean Nelson Penfield, for relator.

Frank S. Wood, Bayard J. Stedman and E. A. Judd, for defendants.

BROWN, J. By the provisions of section 2641 of the Code of Civil Procedure the Surrogate's Court has jurisdiction of all matters concerning trusts, trust property and trustees without regard to the residence of the trustees when such trusts are created.

*First.* By the will of a resident; or

*Second.* The trust is created by a will relative to real property situate in the state.

It is seen that when the will of a resident is involved it is of no importance where the trustee resides; likewise when the will creates a trust relative to real property situate in the state it is of no importance where the trustee resides. It seems that in the two sets of circumstances the residence of the trustee and the situs of the corpus of the personal estate of deceased are of no importance. Does it necessarily follow that the residence of the trustee and the location of personal trust property within the county of the surrogate are ineffective to confer jurisdiction upon the Surrogate's Court in the case of a non-resident deceased testator?

In *Matter of Hoyt,* 103 Misc. Rep. 614, the learned surrogate of New York county held that the non-residence of the trustee and the consequent ownership and legal situs of the personal trust property being outside the state, the will creating the trust not relating to real property within the state and having been executed by a non-resident testator, no jurisdiction vested in the New York Surrogate's Court to settle the accounts of the trustee.

It is not believed that such authority is applicable to the facts presented upon this hearing.

The statute is replete with stated authorization expressly conferred upon the Surrogate's Court to entertain jurisdiction relative to the appointment of resident testamentary trustees, their management and control and the accounting for trust funds in their possession. Such jurisdiction is dependent, not on the residence of the deceased testator nor on the circumstance of real property within the state being involved, but solely upon the residence of the trustee and consequent legal situs of the trust funds.

It can well be said that when no interests, property, effects or persons owning, controlling or possessing the same are within the state and such interests were not created by a resident of the state, the Surrogate's Court has not been endowed with jurisdiction relative thereto.  Such was the situation presented in the *Hoyt Case, supra.*

Section 2641 of the Code cannot be held to prohibit the exercise of the jurisdiction conferred by the many sections of the Code prior thereto upon the Surrogate's Court to settle and adjust the accounts of the resident testamentary trustees in this case, possessing as they do the physical control and legal title to the trust funds now in their hands in Genesee county, notwithstanding the fact that the will creating the trust is the will of a non-resident deceased testator, and that no real property within the state is involved.

It clearly appears that when the trust in the case at bar went into effect, the trustees, the legal situs of the trust fund and the fund itself were all within Genesee county.

The motion must be denied, with ten dollars costs.

Motion denied, with costs.