Matter of the Estate of GEORGE SKELTON YUILL, Deceased.

(Surrogate's Court, New York County, December, 1919.)

Wills — non-residents — accounting by executor — testamentary trustees — Surrogates' Courts — bonds — Code Civ. Pro. §§ 2564, 2641.

> Where the will of a non-resident, in an original proceeding, is admitted to probate in the county of New York an accounting by the executor is properly before the surrogate and an objection that the court has not jurisdiction of the subject matter will be overruled.
>
> The words "testamentary trustee" in section 2564 of the Code of Civil Procedure, do not apply to testamentary trustees appointed under the will of a non-resident, probated in this state.
>
> While the provisions of said section, under which an alien, not an inhabitant of this state, is not competent to serve either as an executor, administrator, testamentary trustee or guardian, are general in character, they are limited by section 2641 of said Code, and an objection that payments made to the trustees named in the will should not be approved on the ground that they are alien non-residents, will be overruled.
>
> The executor having paid over the trust funds to the testamentary trustees, as directed by the will, a further objection that said trustees, if qualified to act, should give a bond and file their oaths of office as required by the Code of Civil Procedure, must also be overruled.

PROCEEDING upon the accounting of an executor.

White & Case (Fitzhugh McGrew, of counsel), for executor.

Daniel J. Mooney, special guardian.

FOWLER, S. The testator was a resident of Australia, and he executed a will at Sydney, New South

30

Wales, on April 13, 1917. The will nominated four persons as executors and trustees. One of them, a Mr. Lethbridge, has probated the will in this country on January 2, 1919, and qualified as executor thereunder. He is now accounting for his acts as such executor. The other three executors and trustees are non-resident aliens, as are all of the beneficiaries of the trusts created under the will of testator. Mr. Lethbridge's residence is given as the Waldorf-Astoria Hotel, New York. The bulk of the estate consisted of United Kingdom of Great Britain and Ireland bonds which were on deposit with Messrs. J. P. Morgan & Co. in New York. The accounting executor has transferred $1,529,578.29 to the trustees named in the will jointly to provide trusts for Winifreda, Countess of Portarlington, for Annie Turrell and for Viscount Carlow, an infant. The special guardian for the infant, Lord Carlow, has filed objections to the account of the executor, claiming (1) that the court has not jurisdiction of the subject matter of this proceeding; (2) that the payments to the testamentary trustees named in the will should not be approved, as the trustees are aliens, not residents of this state, and incompetent under section 2564 of the Code of Civil Procedure to act as testamentary trustees; (3) that if the trustees be qualified to act that they should give a bond and file their oaths of office as required by the Code of Civil Procedure. Subdivision 3 of section 2510 of the Code of Civil Procedure provides that the surrogate has jurisdiction to direct and control the conduct and settle the accounts of executors, administrators and testamentary trustees. The matter now before me does not come within my judgment in *Matter of Hoyt*, 103 Misc. Rep. 614, which was an accounting by non-resident trustees, so that the rule laid down in that case cannot apply. Besides, *Matter of Hoyt* was distinguished in *People ex rel.*

MATTER OF YUILL. **467**

Misc.]   Surrogate's Court, New York County, December, 1919.

*Safford* v. *Washburn,* 105 Misc. Rep. 415; affd., 188 App. Div. 951. *Matter of Hoyt* has not yet been passed on by the Court of Appeals and, until it is the law, cannot be regarded as settled. This is an accounting by an executor to whom letters testamentary issued upon the probate of a will in the Surrogate's Court of this county. The probate proceeding was original and not ancillary. The authority of the surrogate to settle the accounts of an executor under a will probated here seems to be a part of his control of the executor whom he appoints. The jurisdiction of the surrogate to probate the will of a non-resident and to settle his estate does not include the taking charge of the testamentary trusts created in his will, but the accounting of the executor under the will of a non-resident probated in this county is properly before me. The first objection is overruled. Prior to the revision of the Code of Civil Procedure in 1914 non-resident aliens were competent to serve as trustees. *Matter of Ripley,* 101 Misc. Rep. 465. Under the old Code (§ 2612) a non-resident alien became incompetent to serve as an executor. Under the new Code (§ 2564) an alien not an inhabitant of this state is not competent to serve either as an executor, administrator, testamentary trustee or guardian. Former section 2820 provided that the provisions of the title in reference to trustees (tit. 6, chap. 18) applied to a trust created by the will of a *resident* of the state. Present section 2641 of the Code makes the provisions of the whole of chapter 18 applicable to a trust created by the will of a *resident* of the state. It may be observed that upon the revision of the Code provisions relative to trustees, the word " title " was changed to the word " chapter," but there seems to be no provision in the present Surrogates' Code relative to trustees appointed by the will

Surrogate's Court, New York County, December, 1919.     [Vol. 109.

of a non-resident. It follows that the words testamentary trustee in section 2564 of the Code of Civil Procedure do not apply to testamentary trustees appointed under the will of a non-resident probated in this county. In other words, the new act would seem to apply only to trusts created by the wills of residents of the state. While the provisions of section 2564 of the Code of Civil Procedure are general in character, these provisions are limited by section 2641 of the Code of Civil Procedure, which follows, and which, as noted above, included only trustees appointed in the will of a resident. Formerly the surrogate had no jurisdiction over the trusts created in the will of a non-resident, and, in the absence of affirmative legislation to the contrary, the new act cannot be held to have changed the law in that respect. For the above reasons the second objection must be overruled. As to the third objection, I also hold that the provisions of chapter 18 of the Code of Civil Procedure respecting the qualification of trustees apply only to trustees appointed under the will of a resident, and do not apply to trustees appointed under the wills of non-residents. The third objection is consequently overruled. Trustees derive their authority from the will. *Matter of Kennedy,* 106 Misc. Rep. 219; *Matter of Ripley,* 101 id. 468; *Matter of Shonts,* 109 id. 276. The executor has paid over the trust funds to the trustees appointed by the will of testator as directed therein. The will does not appear to have been probated in Australia, which was the domicile of testator. The laws of that country, the domicile of the testator, govern the ultimate disposition of the property of the testator, all of which is personalty. Proof should be submitted at once of the law of Australia respecting the payment by the executor of the trust

funds to the trustees. Upon the submission of that proof, and proof of the compliance therewith by the accounting executor, the accounts will be approved and the decree signed.

Decreed accordingly.