THE PEOPLE OF THE STATE OF NEW YORK ex rel. MABEL L. SAFFORD, as Committee of the Person and Property of EDGAR R. BOLLES, an Incompetent Person, Appellant, *v.* THE SURROGATE'S COURT OF THE COUNTY OF GENESEE et al., Respondents.

**Surrogate's Court — jurisdiction — testamentary trusts of personal property created by will of non-resident testator — surrogate has no jurisdiction over accounting by trustee — writ of prohibition will issue against exercise of such jurisdiction.**

Provisions of the Code of Civil Procedure conferring upon surrogates jurisdiction over the accounting of a testamentary trustee collated and construed; and *held*, that such provisions exclude the authority of a surrogate in the case of trusts created by the will of a non-resident, residing in a foreign state, who left no real property within the state. The surrogate has no jurisdiction upon an accounting by a testamentary trustee except in case of a trust created by the will of a resident of the state, or relating to real property situated within the state, without regard to the residence of the trustee (Code Civ. Pro. §§ 2641, 2820), and a writ of prohibition will issue to prevent a surrogate from exercising such jurisdiction.

*People ex rel. Safford* v. *Surrogate's Court,* 192 App. Div. 949, reversed.

(Argued October 5, 1920; decided November 16, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 21, 1920, which affirmed an order of Special Term denying a motion for an alternative writ of prohibition.

The facts, so far as material, are stated in the opinion.

496   People ex rel. Safford v. Surrogate's Court.

[229 N. Y.]                Points of counsel.                [Nov.,

*E. Jean Nelson Penfield* for appellant. Surrogates' Courts are courts of strictly limited jurisdiction, deriving their powers exclusively from statutory enactment, and to sustain such jurisdiction legislative authority must be affirmatively shown. (*Geduld* v. *Baltimore & O. R. R. Co.*, 55 Misc. Rep. 239; *Henneke* v. *Schmidt*, 121 App. Div. 516; *Carpenter* v. *Pirner*, 107 N. Y. Supp. 875; *People ex rel. Liberty* v. *Cooke*, 177 N. Y. Supp. 116; *Matter of Underhill*, 117 N. Y. 471; *Matter of Hendel's Estate*, 176 N. Y. Supp. 262.) The Surrogate's Court of Genesee county is without jurisdiction to settle the accounts of the testamentary trustees under the will of Nathan T. Bolles, for the reason that Nathan T. Bolles was a non-resident, and the trust estate created by his will consists wholly of personal property, and by section 2641 of the Code of Civil Procedure the jurisdiction of a surrogate is definitely limited to " trusts created by the will of a resident of the state, or relating to real property situated within the state." (*Matter of Runk*, 200 N. Y. 447; *Matter of Kenny*, 92 Misc. Rep. 330; *Matter of Hermann*, 178 App. Div. 182; 222 N. Y. 564; *Matter of Yuill*, 109 Misc. Rep. 465; *Matter of Keller*, 109 Misc. Rep. 476; *Matter of Heinze*, 179 App. Div. 453; 224 N. Y. 1; *Matter of Martin*, 211 N. Y. 329; *Fribourg* v. *Emigrant Savings Bank*, 168 App. Div. 816; *Matter of Bouchaux*, 89 Misc. Rep. 47; *Matter of Hoyt*, 103 Misc. Rep. 614.)

*Everest A. Judd, Henry H. Wittstein* and *Bayard J. Stedman* for respondents. The Surrogate's Court of Genesee county has at all times had and still possesses jurisdiction to settle the accounts of the testamentary trustees of Nathan T. Bolles, deceased. (*Matter of Runk*, 200 N. Y. 460; *Conant* v. *Wright*, 22 App. Div. 216; 162 N. Y. 635; *Post* v. *Ingraham*, 122 App. Div. 683; *Matter of Smith*, 120 App. Div. 199; *Borrowe* v. *Corbin*, 31 App. Div. 172; *Royce* v. *Adams*, 123 N. Y. 402.) Section 2641 (formerly section 2820) was not intended to limit

or prescribe the jurisdiction of Surrogates' Courts conferred generally by the preceding sections of chapter 18, title 1, article 3 of the Code, and its provisions cannot be so construed. (*Matter of Hoyt*, 103 Misc. Rep. 614.)

ANDREWS, J. A resident of New Jersey died in Germany, leaving only personal property located in Genesee county. His will was there admitted to probate. It created a trust and named the executors as trustees. When the estate was administered an accounting was had and in pursuance to the decree the trust fund was turned over to the trustees. One of them resided at Batavia. The others were non-residents. The resident trustee and the successors of the other two have now filed with the surrogate a petition for a final accounting and for permission to sell certain securities. A citation was thereupon issued and the surrogate of Genesee county intends to assume jurisdiction over the matter. A motion has been made by one of the parties interested for an alternative writ of prohibition. The motion was denied and the Appellate Division affirmed this denial. The only question at issue is as to the jurisdiction of the surrogate. It is said that no such jurisdiction exists over the accounting of testamentary trustees where the trust was created by a non-resident who left no real property within the state.

The jurisdiction of the surrogate is the creation of statute. If not conferred upon him it does not exist. This jurisdiction over the accounting of testamentary trustees has its origin in chapter 272 of the Laws of 1850. Such a trustee was then for the first time permitted to account voluntarily before the surrogate of the county in which the will was proved. Definitely, therefore, the particular surrogate to whom jurisdiction over such an accounting was given was fixed. The residence of the testator or of the trustee, the situs of the property, all

32

this was immaterial. Chapter 782 of the Laws of 1867 provided that " The surrogates " may compel an accounting. Thus he first acquired jurisdiction over involuntary proceedings for this purpose. Obviously it is implied that the surrogate who may compel it is the surrogate before whom a voluntary accounting might be had.

With the law in this condition, the Code of 1880 was adopted. Wider powers were granted to Surrogates' Courts. They might settle the accounts and control the conduct of testamentary trustees " in the cases and in the manner prescribed by statute." The general grant of power was, therefore, limited by such clauses in the Code or other statutes as defined the circumstances under which it might be exercised. Title 6 of chapter 28 is entitled " Provisions relating to a testamentary trustee," and is said to be a revision of former acts. Section 2802 allows the trustees to file their account before the surrogate having jurisdiction " of the estate " (changed in 1885 to read: " Of the estate or trust "). The act of 1850 defined who this surrogate was — the surrogate of the county where the will was admitted to probate. We think that this section had the same meaning — that " the estate " referred to was the estate from which the trust estate was carved. Otherwise there is nowhere to be found any provision which defines the surrogate before whom such proceedings may be taken. So the limitation still remained that the surrogate of the county where the will was admitted to probate might take an account, voluntary or involuntary. But not contented with this provision appears for the first time section 2820 entitled: "Application of this title." " The provisions of this title apply to a trust created by the will of a resident of the state, or relating to real property, situated within the state, without regard to the residence of the trustee, or the time of the execution of the will."

While the meaning is not entirely clear we hold that the intention was to exclude the authority of the surrogate

in the case of trusts created by the will of a non-resident. A reason may have been supposed to exist for such a limitation. The will of a non-resident dying elsewhere might be proved here provided any personal property belonging to the deceased was present in the state. The executors owe their authority to the decree of the surrogate and are subject to his control. As to trusts, however, in such a case difficulties may arise. The situs of the property and the validity of the trust and its effect are fixed by the domicile of the creator. Often the executors would be directed to deliver the property to a non-resident trustee. Some of the provisons of the Code are inconsistent with such a situation. A surrogate may compel a testamentary trustee to perform any duty imposed upon him by statute. (§ 2481.) He may direct the securities or a portion of them to be deposited with the county treasurer. (§ 2595.) If the trustee is a non-resident a bond may be required. (§§ 2638, 2815.) If he fails to give it he may be removed and a successor appointed. (§§ 2816, 2817.) How are these orders to be enforced against a non-resident? If on the other hand the trustee happens to be a resident the validity of the trust in such a case depends upon the law of a foreign state. The rules on the subject of trusts are notoriously difficult. Even the Supreme Court with its general jurisdiction might decide to remit the matter to the state of the testator's domicile. And at the same time that these sections were adopted there was also adopted section 2624 which allowed the surrogate to determine the construction and effect of a will of personal property but only where the will was made by a resident and was executed here. This is some indication of the purpose behind the later section. We can see, therefore, why the legislature might think it wise to confine the jurisdiction of the surrogate to trusts of personalty created by a resident of the state.

This is what we understand was done by section 2820.

500   People ex rel. Safford *v.* Surrogate's Court.

[229 N. Y.]            Opinion, per Andrews, J.            [Nov.,

" The provisions of this title apply to a trust created by the will of a resident of the State,   *   *   *   without regard to the residence of the trustee, or the time of the execution of the will." Clearly it would be so were it not for the last clause. Yet we do not think the result is changed thereby. Why were these words used? The commissioners' note states that the section was adopted to settle questions concerning which all the acts on the subject of testamentary trustees had been obscure. The will of a resident creates a trust of personalty and names a non-resident trustee. The title to the property passes to him. Under the general rule the situs of such property is the domicile of the owner. If there were no such clause could it be at least claimed that the Surrogate's Court has lost all jurisdiction over it? It was a foreign property belonging to a foreign owner. Over caution, it is possible. Still we can understand the purpose. As to the phrase regarding the time of the execution of the will we again regard it as an instance of caution. A similar instance appears in section 2482. A limitation as to the effect of chapter 18 as to time also appears in section 3347. No doubt was to be left.

The alternative interpretation of this section is given us by the respondents. Regardless of the residence of the trustee, the surrogate has jurisdiction over trustees of personalty where the testator is a resident. It is inadmissible. A statute is presumed to have some meaning. As we have seen unless limited by this section the surrogate already has this jurisdiction. The only limitation imposed was that the will should be probated in his county. The residence of the trustee was immaterial. If, therefore, we are to accept the respondents' views, and ask what change in the existing law was made by this section the only answer is that it is an implied provision that where the will is made by a non-resident, then the residence of the trustee is material. How material, what precise effect residence of the trustee would have is

nowhere stated. Very possibly it might be wise to give the surrogate jurisdiction over the wills of non-residents, where the trustee is a resident. When it intends to do so, however, the legislature will do it directly, not leave it to be spelled out by indirect references. That would be a singular method of treating so important a subject as jurisdiction.

When we have determined the meaning of the Code of 1880 we have determined the meaning of the identical clause contained in the present Code. (§ 2641.) While provisions have been rearranged and others regarding testamentary trustees have been added, nothing has occurred to require one construction now and another then.

Some arguments have been addressed to us as to the effect of the decision we are now making upon earlier proceedings taken before the surrogate of Genesee county. That question is not before us. We confine ourselves to holding that nothing that has been brought to our attention estops or bars the relator from obtaining the relief she now seeks.

The orders appealed from should be reversed and the writ of prohibition granted, with costs in all courts against all the respondents except the Surrogate's Court of Genesee county and Newell K. Cone as surrogate.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur.

Orders reversed, etc.