Matter of the Final Judicial Settlement of the Accounts of CLIFFORD M. PINCKNEY and FLORENCE P. WEBER, as Administrators of the Goods, Chattels and Credits of EDGAR B. PINCKNEY, Deceased, Trustee Under the Last Will and Testament of THOMPSON PINCKNEY, Deceased.

(Surrogate's Court, Westchester County, June, 1921.)

Surrogate's Court—jurisdiction in the accounting of an administrator of testamentary trustee who died without the county in which will was probated.

The Surrogate's Court of the county where a resident's will was admitted to probate has exclusive jurisdiction of a proceeding for the judicial settlement of the accounts of the administrator of the testamentary trustee who died in another county, where the letters of administration were granted.

PROCEEDING upon the final settlement of administration.

Seacord, Ritchie & Young, for petitioners.

SLATER, S.    The will of Thompson Pinckney was admitted to probate on September 24, 1894, by the surrogate of Kings county, as he was a resident thereof at the time of his death.    Subsequently Edgar B. Pinckney qualified as a trustee under said will,

The trustee died and his administrators are now before this court endeavoring to account for the acts of said trustee.

In view of such facts is the trustee accounting in the right court? Many decisions will be found which determine where a foreign trustee shall account, but where a trustee under a resident's will shall account seems never to have been passed upon by our courts.

The jurisdiction of the surrogate is the creation of statute and, if not conferred upon him, does not exist. His jurisdiction over the accounting of a testamentary trustee had its origin in chapter 272 of the Laws of 1850. Thus for the first time the statute stated where a testamentary trustee could voluntarily account, to wit: before the surrogate of the county in which the will was proven. This continued to be the law until the Code of 1880 was adopted. Section 2802 thereof substantially followed the law of 1850 and allowed a trustee to file his account before the surrogate " having jurisdiction of the estate " (changed in 1885 to read " of the estate or trust "). The estate referred to is the estate from which the trust was carved. Judge Andrews in *People ex rel. Safford* v. *Surrogate's Court of Genesee County, N. Y.*, 229 N. Y. 495. This being the only provision defining the surrogate before whom such proceedings could be had the limitation still remained that the Surrogate's Court where the will was admitted to probate might take the accounting voluntary or involuntary. In 1914 the Code was revised as to surrogate's practice. This revision " put testamentary trustees in the same category with executors, administrators and guardians in respect to qualifying, removal, control, accounting, etc." Jessup-Redfield, Surr. 1255. Sections 2721, 2723, 2753, 2569 outline procedure from which one must conclude that such

proceedings must be brought before the surrogate " having jurisdiction.'' This can only be interpreted as being the surrogate having jurisdiction " of the estate or trust.'' The Surrogate's Court where the will is probated has exclusive jurisdiction. Code Civ. Pro., §§ 2514, 2515. The Surrogate's Court before which the trustee qualified has exclusive right to remove him. Code Civ Pro., § 2569. Subdivision 3, section 2510, gives the surrogate power to direct and control the conduct and settle the accounts of testamentary trustees and to remove trustees and appoint their successors. It can hardly be reasoned that a certain court has exclusive jurisdiction to remove a trustee and yet any Surrogate's Court can settle his account. The residence of a trustee cannot be the determining fact as to where he shall account, for to reason so would bring about a serious condition in our public records. Assume a preacher to be a trustee and the custom of his church cause him to be assigned to a new parish every year or so, which parish might well be in different counties. His accountings might well be spread upon the records of many Surrogate's Courts in this state. This would lead to confusion and an added burden on those interested in the trust. If a person interested was not cited it would cause him to search in all the Surrogates' Courts of our state before he could find the one in which he would have to apply for relief. The scheme of our law is to confine matters of one estate to the court having original jurisdiction. This has always been the intention of the law and it was the intention of the revisers when in 1914 they gave added power and jurisdiction to Surrogates' Courts. Section 2514 of the Code clearly shows the intent of the legislators. My attention has been called to *Matter of Hoyt,* 103 Misc. Rep. 614, but the facts there

came within a specific statute, and I do not deem it in any sense controlling the facts now before me.

Therefore, I shall decline to entertain the petition, for lack of jurisdiction.

Decreed accordingly.