In the Matter of the Estate of HERMAN LAKNER, Deceased.

Surrogate's Court, Bronx County, February 11, 1932.

*Feltenstein & Rosenstein*, for the petitioner.

HENDERSON, S. This is an application for the issuance of a citation in an independent proceeding in which the petitioner seeks

the following relief: (1) That this court fix the amount of her lien against each of two parcels of real property held by the trustees under decedent's will, which she claims by reason of certain payments made by her personally in amortization of mortgages thereon; (2) that this court direct such trustees to sell both parcels of real estate, and out of the proceeds of each sale to pay the expenses of such sale, the amount of petitioner's lien against the particular parcel as fixed by a decree of this court heretofore judicially settling the account of the executors of said will, and the amount of petitioner's lien as may be fixed in this proceeding for payments made subsequently to the last payment affected by such decree.

The decedent died on June 3, 1923, and his will was probated in this court on July 2, 1923.

If this particular proceeding were authorized by some legislative enactment, this court would have ample power to try and determine all questions, legal or equitable, arising between the parties to whom a citation is now requested, and to make a full, equitable and complete disposition of the matter. (Surr. Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72.)

Surrogates' Courts are constitutional courts, but their jurisdiction remains statutory by virtue of the very language of the Constitution itself. (N. Y. Const. art. 6, § 13.) When the Legislature has limited their specific jurisdiction to particular conditions or prescribed a particular way of approach to the court, the law withholds jurisdiction unless such conditions exist or the court is approached in that particular way. (*Cooper* v. *Davis*, 231 App. Div. 527, 529.) Although the specific powers of a Surrogate's Court are in addition to and without limitation or restriction on its general powers (*Matter of Raymond* v. *Davis, supra*), the latter can be exercised only upon the return of a process in a proceeding properly brought under some statutory provision therefor and in one of the particular cases authorized by the Legislature to be brought. (Surr. Ct. Act, § 20, subd. 1; *O'Donoghue* v. *Boies*, 159 N. Y. 87, 89; *Matter of Walker*, 136 id. 20, 29.) " The jurisdiction of the surrogate is the creation of statute. If not conferred upon him it does not exist." (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495, 497.) Section 40 of the Surrogate's Court Act, in unmistakable language, grants to a Surrogate's Court complete power to determine any controversy lawfully before it. The exercise of such power, however, is restricted to cases where the court has jurisdiction. (*Matter of Ort*, 217 App. Div. 422, 424.)

I know of no statute authorizing the petitioner to seek the establishment of such alleged lien in a Surrogate's Court in a separate proceeding therefor, although the subject-matter could be

determined in an accounting proceeding or, under recent legislation, in a proceeding to authorize the sale of real estate by trustees under the will of a testator who died after August 31, 1930.

Under section 250-a of the Surrogate's Court Act, which was added by section 9 of chapter 229 of the Laws of 1929, this court now has jurisdiction to authorize a testamentary trustee to mortgage or sell real property belonging to the trust estate under the circumstances therein specified, in an independent proceeding brought for that purpose as therein prescribed. Such jurisdiction, however, does not extend to the estates of persons dying prior to September 1, 1930. (Laws of 1929, chap. 229, § 21, as amd. by Laws of 1930, chap. 174, § 13; Laws of 1930, chap. 174, § 14.) As to such estates this jurisdiction remains exclusively in the Supreme Court. (Statutes last above cited; Real Prop. Law, § 105, subd. 1, as amd. by Laws of 1930, chap. 808.)

The application for citation is denied, without prejudice. Submit order.