In the Matter of the Estate of CHARLES ALLEN MUNN, Deceased.

Surrogate's Court, New York County, July 27, 1938.

*Richard A. Knight* for Elizabeth Munn Glazebrook and Louisine Munn Jackson, life beneficiaries.

FOLEY, S. These are separate petitions by the life beneficiaries of two trusts of personal property created under the will of the testator to compel the testamentary trustee to account. Incidental to this relief, the petitioners also seek to set aside certain receipts and releases signed by them and to remove the trustee. A question as to the jurisdiction of this court over the proceeding is presented.

The testator died a resident of West Orange, Essex county, N. J., on the 3d day of April, 1924. His will was admitted to probate in the Prerogative Court of New Jersey on April 17, 1924. By the fourteenth paragraph of his will the testator provided in part as follows:

"*Fourteenth.* I give, bequeath and appoint to CENTRAL UNION TRUST COMPANY OF NEW YORK, and its successors, the sum of One Hundred and Fifty Thousand Dollars, IN TRUST, NEVERTHE-LESS, as follows: I direct said Central Union Trust Company of New York to divide said sum into two equal shares and to set apart and allot one of said shares for the benefit of my grandniece, ELIZABETH MUNN, daughter of my nephew Orson Desaix Munn, and to set apart and allot the other of said shares for the benefit of my grandniece, LOUISINE MUNN, also a daughter of my said nephew."

Pursuant to the terms of the will, the executors paid over in September, 1924, to the Central Union Trust Company, now the Central Hanover Bank and Trust Company, as trustee, cash and securities of the value of $150,000. One of the life beneficiaries became twenty-one years of age in 1933, the other in 1934. Under the terms of the will, they both became entitled upon reaching their respective majorities to the income which the trustee was directed to accumulate during their minorities. Both beneficiaries claim to have received payments on account of these accumulations.

Both allege they have not been paid the full amount due each. The petitioners also allege that the trustee refuses to make payment in full because the funds due them were invested in mortgage participations for which there is no market.

The surrogate holds that this court is without jurisdiction to entertain the proceeding or to grant the relief requested. (Surr. Ct. Act, § 171, subd. 3; *People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495, overruling *People ex rel. Safford* v. *Washburn*, 105 Misc. 415; affd., 188 App. Div. 951.) The trustee is one appointed under the will of a non-resident, probated in New Jersey. It was not probated in this county. Neither the executors nor trustee ever qualified here, and the trust is one of personalty only. Under these circumstances the residence of the trustee and the two life beneficiaries in New York county and the physical presence of the fund here is of no avail.

The petitioners seem to rely principally on the fact that the trusts herein relate to real property situated within the State. The petition is devoid of any allegation which would support this claim. Under the terms of the will of this decedent a trust in personal property only was created. There is no allegation that real property within this county was originally a part of the corpus of the trust estate, or that the will of this decedent was recorded in this court under sections 44 and 45 of the Decedent Estate Law or that the trustee qualified thereunder and is acting under the authority of this court.

I hold that the subsequent investment by the trustee in participation certificates, of themselves personal property, does not bring this application within the provisions of subdivision 2 of section 171 of the Surrogate's Court Act. The trust there contemplated refers to real property originally within the trust. Participation certificates invested in by a trustee do not make a trust of personal property, created by a non-resident testator, a trust "relating to real property." Even if the mortgages were foreclosed, which is not alleged as a fact, the real estate acquired through such foreclosure by the trustee would retain its character as personalty under the well-established rule and fiction. (*Matter of Miller*, 257 N. Y. 349, 354; *Hine* v. *Hine*, 118 App. Div. 585; *Haberman* v. *Baker*, 128 N. Y. 253, 261; *Wiederholt* v. *Kohler*, 174 App. Div. 139, 143.) The surrogate is without jurisdiction and these petitions may not be entertained merely because it might prove more expeditious and less costly to the petitioners to proceed here, rather than in the courts of New Jersey or some other appropriate forum.

Proceed accordingly.