In the Matter of the Estate of ANTHONY H. GERHARDT, Deceased.

WILLIAM J. GERHARDT, Individually and as Executor, etc., of ANTHONY H. GERHARDT, Deceased, Appellant; ODD FELLOWS HOME ASSOCIATION OF THE STATE OF NEW YORK, Petitioner, Respondent.

Fourth Department, January 8, 1941.

*Charles J. Deckop,* for the appellant.

*Wisch & May [Joseph May* of counsel], for the respondent.

McCURN, J. Anthony H. Gerhardt entered the Odd Fellows Home at Lockport, N. Y., in July of 1938 and at that time signed an instrument known as a " Transfer and Agreement." This instrument was signed only by the decedent. It recited that he, having made application for admission to the Odd Fellows Home, agreed, in consideration of being admitted, to render such services as he might be able to perform; to abide by the rules and regulations of the institution under penalty of expulsion for disobedience; to release the Odd Fellows Home Association from all liability for sick or death benefits; to release it from all liability for damages or injury due to negligence; and to sell, assign, transfer and set over to the Odd Fellows Home Association any and all property which he then owned or might thereafter own or acquire. The following provision was

then inserted: " I hereby make my care and maintenance at the said Home a lien and charge upon any and all property or interest therein which I now own, or may hereafter acquire, or which my estate may be entitled to upon my death, to the full value of such property or interest, it being my intent and purpose, and the intent, purpose and understanding of the said Odd Fellows' Home Association that in consideration of my being accepted as a resident into said Home and cared for therein, said Home Association does and shall become the owner of any and all money, property or interest therein which I now own, or which I may hereafter acquire and which my estate may be entitled to upon my death, and to that end I hereby covenant and agree to execute and deliver to said Odd Fellows' Home Association of the State of New York, whenever required to do so, any further writing, instrument or deed which said Association or any of its duly authorized committees or officers may at any time deem necessary to accomplish the purpose aforesaid." The agreement further provided that, in case he should voluntarily leave such Home or be expelled therefrom for cause, all money or property acquired from him by the association, less the sum of two dollars a day for his care, support and maintenance, should be returned to him or to his legal representative. It provided, further, that in case he should leave the Home or be expelled therefrom without having fully compensated the association at the rate of two dollars a day for support and maintenance any such sum remaining unpaid should constitute a valid and subsisting indebtedness against him in favor of the association. In that respect he agreed to waive the running of the Statute of Limitations.

Mr. Gerhardt died about eight months after the agreement was signed. By the terms of his last will and testament, drawn a month before he entered the Home, he left his entire estate to his brother, William J. Gerhardt, who was also named executor and who is now acting as such. It appears that the testator died seized of a house and lot in the city of Buffalo, N. Y.

The Odd Fellows Home Association petitioned the Surrogate's Court of Erie County for a decree directing the appellant as executor, and individually, to make and deliver to the association a deed of the above-mentioned real estate in Buffalo. The executor moved for a decree dismissing the petition and vacating the citation issued thereon. This appeal is taken from the decree of the surrogate denying such motion.

This proceeding is not instituted in connection with an accounting nor with any proceeding for the settlement of the estate of the deceased but is an independent proceeding instituted under section 227 of the Surrogate's Court Act.

Section 227 of the Surrogate's Court Act is entitled: "Conveyance of real property by executor or administrator to holder of *contract of sale* made by a decedent." It provides that "where a decedent dies seized of lands after he has made a *contract for the conveyance thereof*," his executor may make a deed reciting the said contract and conveying the said lands; also that the executor or the vendee may petition for a decree that the same be made and delivered, certain procedural provisions being added.

The pertinent question on this appeal is whether or not the contract upon which the proceeding is based is a *contract of sale* of real property. Did the decedent die seized of lands, after he had made a *contract for the conveyance* thereof, within the contemplation of section 227 of the Surrogate's Court Act?

That section by its very language grants jurisdiction where the decedent has made a *contract for the sale of real estate* but has died before executing and delivering a conveyance. It grants to the vendee the right to invoke the jurisdiction of the Surrogate's Court to decree performance by the executor or administrator of the decedent. Is the contract in question such a contract as is contemplated by that section? The contract contained no description of the property in question nor any reference thereto, nor in fact any mention of real property at all, unless it may be said to be included in the words, "any and all property." The decedent apparently retained both the title and possession of his real property during his lifetime and the first demand for conveyance is made to his executor after his death. This, in connection with the provision in the contract for a lien for care and maintenance, together with the agreement for a per diem compensation in case of expulsion or voluntary withdrawal from the Home, would seem to deny to such contract the character of a contract for the sale of real property. Under such a contract, we do not regard the respondent as a "vendee" who may petition for the execution and delivery of a deed as contemplated by section 227 of the Surrogate's Court Act.

The statute in question was formerly section 2697 of the Code of Civil Procedure as revised from section 2801-a of the Code of Civil Procedure. The revisers of 1914 stated that "the former section was so technical and expensive in its operation that in many actual cases people entitled to the deeds could not obtain them. though all of the interested parties consented, on account of the fact that the heirs were often scattered or incompetent to execute a deed." Obviously the present section was intended to simplify the transfer of such real property and its literal import presupposes that a contract of sale is outstanding.

The exercise of the powers of the Surrogate's Court is restricted to the particular cases authorized by the Legislature. It is not a court of general jurisdiction. Its jurisdiction is conferred by statute (State Const. art. 6, § 13). While it has complete power to determine any controversy lawfully before it, it can exercise that power only under some statutory provision therefor and in one of the particular cases authorized by the Legislature. (*People ex rel. Safford* v. *Surrogate's Court*, 229 N. Y. 495, 497; *Cooper* v. *Davis*, 231 App. Div. 527, 529. See, also, *Matter of Lakner*, 143 Misc. 117.)

The Legislature, by section 227 of the Surrogate's Court Act, conferred jurisdiction in an independent proceeding in cases " where a decedent dies seized of lands after he has made a contract for the conveyance thereof." We hold that the contract in question is not such a contract and that the petitioner is not a vendee under such a contract as contemplated by that section. To hold otherwise would be to go beyond all reasonable import of the statutory language.

The order appealed from should be reversed and the motion to dismiss the petition and to vacate the citation should be granted.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Order reversed on the law, without costs of this appeal to either party, and motion granted, without costs.